## PETER HUPPERT, Respondent, v. CONRAD WEISGERBER, Appellant.

### St. Louis Court of Appeals, March 8, 1887.

1. DECEIT—FALSE REPRESENTATIONS—DAMAGES.—Under a petition for damages for the fraudulent representations of the defendant vendor to the plaintiff vendee as to the quality of the land sold, the plaintiff has but one cause of action for the entire injury caused by such representations.

2. ——— PRACTICE.—If the defendant, in such an action, does not object to the plaintiff's claim of separate damages in separate counts, and the jury make separate findings and award separate damages, and the court enters judgment for the aggregate, the defendant can not then complain.

3. INSTRUCTIONS—SEPARATE FACTS SUBMITTED CONJUNCTIVELY. — A general finding for the plaintiff, under an instruction submitting separate facts conjunctively as essential to the plaintiff's recovery, tends to show that the jury found all the facts stated in the instruction.

4. NEW TRIAL—SPECIFIC MOTION.—A motion for a new trial must specifically point out the errors complained of.

APPEAL from the Laclede County Circuit Court, W. J. WALLACE, Judge.

*Affirmed.*

G. W. BRADFIELD and JAMES MORAN, for the appellant: It is error to give instructions which are ambiguous, equivocal, or misleading. *Talbot's Ex'r v. Mearns*, 21 Mo. 427; *Belt v. Goode*, 31 Mo. 128; *Crole v. Thomas*, 17 Mo. 329; *Anderson v. McPike*, 86 Mo. 293. The verdict and judgment are not sustained by the law and the evidence, and the court erred in refusing to sustain the motions for new trial and in arrest. *Gordon v. Parmelee*, 2 Allen (Mass.) 212; *Sanford v. Handy*, 23 Wend. 260; *Van Epps v. Harrison*, 5 Hill (N. Y.) 63;

*Crank v. Cole,* 10 Ind. 485 ; Kerr on Fraud and Mistake, 82 to 88 ; 2 Kent Com. [12 Ed.] top p. 486 ; *Dunn v. Waite,* 63 Mo. 181 ; *Cahn v. Reid,* 18 Mo. App. 115.

T. P. DIXON, for the respondent: The following authorities are cited as decisive of the whole case : *Caldwell v. Henry,* 76 Mo. 254 ; *Langdon v. Green,* 49 Mo. 367 ; *Wannell v. Kem,* 57 Mo. 478 ; *Heath v. Bonn,* 32 N. Y. 63.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for fraudulent representations of the quality of a tract of land containing one hundred and sixty acres, sold by the defendant to the plaintiff for the sum of six hundred and fifty dollars. The petition, as originally drawn, contained three counts ; but before the trial the plaintiff, by leave of court, dismissed as to the second count, and the cause was tried upon the first and third counts, and the answer, which was a general denial. The first and third counts of the petition were different statements of the same cause of action, and the defendant might have required the plaintiff, before the trial, to elect upon which count he would proceed. But no such motion was made. The jury returned a verdict assessing damages under both counts — under the first count three hundred and twenty-five dollars, and under the third count $67.50. The court entered judgment upon this verdict, that the plaintiff recover of the defendant the sum of $392.50, which was the aggregate amount of damages assessed under both counts. No objection was taken by the defendant to the form of the verdict, by motion in arrest, or otherwise ; but the defendant, by his motion for a new trial, saved the objection that there was no evidence tending to support the verdict under the third count, and this is one of the objections insisted upon in this court.

The deceit alleged in the first count of the petition

is, that the defendant represented to the plaintiff that the land was level and covered with good timber. The evidence adduced by the plaintiff to support this charge was contained in a letter written to him by the defendant, while he, the plaintiff, was at his home, in Iowa, which letter, written in the German language, contained, as the plaintiff and his witnesses have translated it, this representation. The deceit charged in the third count was that the defendant falsely represented to the plaintiff that the land was of good quality and covered with hazel brush. The evidence given by the plaintiff, which tended to support this allegation, was to the effect that the plaintiff had come from Iowa for the purpose of examining lands in Laclede county, Missouri, where the land was situated, with the view of purchasing land for a dairy farm ; that he had been brought to the defendant's neighborhood by a third person ; that he, the defendant, and this third person, together examined some contiguous land, which the defendant offered for sale, and which was not satisfactory to the plaintiff ; that the defendant, pointing toward the southwest, told the plaintiff that he had, in that direction, a quarter section of nice smooth land, covered with hazel brush, and without any stones upon it, which the plaintiff should see ; that the plaintiff replied that he was too tired and sick to examine it. The plaintiff also testified that the third person, who had brought the plaintiff to the neighborhood, also complained that he was hungry, tired, and sick, and must go home. The evidence that such a representation was made was substantially contradicted, both by the defendant and the third person.

It is thus seen that the evidence offered to sustain the charge in the first count was different from that offered to sustain the charge in the third count. Moreover, as the third count was for a deceit, which resulted in inducing the plaintiff to purchase the same land, the measure of damages, under each count, must have been

VOL. XXV—7

the same, even if we could overlook the incongruity, under our code, of trying the action upon a petition stating, in different counts, the same cause of action, in different ways, and of rendering judgment on a verdict which assessed damages under each count of such a petition. The error is one which arises upon the face of the record proper, and which could be availed of upon appeal or error, under our practice, although not brought to the attention of the court below. But the defendant is not in a position to avail himself of this defect in the verdict, because he has not assigned it for error in this court, and for the further reason that it was produced by the following instruction, which the defendant, himself, requested, and which was given by the court : "The court instructs the jury that in this case there are two counts in the petition, and the jury must find the verdict in each of the said counts." And so the jury did, giving the plaintiff three hundred and twenty-five dollars for the alleged lie, which the defendant had told him in the letter, about the land being level and covered with good timber, and $67.50 for the alleged lie, which the defendant had told him, as to the land being of good quality and covered with hazel growth. The defendant, after steering the court and jury into such an absurd result, can not complain of it, nor can we help him out of it.

Complaint is made of the giving of the following instruction, at the request of the plaintiff :

"The court instructs the jury that if they find, from the facts and circumstances in this case, that the plaintiff purchased the land, described in his petition, of the defendant, and that the plaintiff, prior to such purchase, did not make a personal examination of the same, and that at any time prior to such sale, the defendant, for the purpose of inducing the plaintiff to purchase said land, represented, either by letter or otherwise, to the plaintiff, that said land was level and smooth, or covered with hazel growth or bushes, and that the representatio n

were made by the defendant for the purpose of deceiving the plaintiff, and inducing him to purchase said land, and said plaintiff relied upon such representations, believing they were true, and was induced to purchase said land, and such representations were untrue, and defendant knew them to be untrue, you will find for the plaintiff; and, although you may find that the defendant did not know such representations to be untrue, yet, if you believe, from the evidence, that, at any time prior to the purchase of said land, and for the purpose of effecting the trade, and inducing the sale, the defendant made such representations as of his own knowledge, and they were untrue, but he did not know whether they were true or false, and the plaintiff was a stranger in the country, and the defendant knew, or had good reason to know, that the plaintiff relied upon such representations, and the plaintiff did rely upon such representations as true, and was thereby deceived and induced to purchase said land, you will find the issues for the plaintiff."

This instruction mingles together the elements of deceit, stated in the first and third counts of the petition; but this is not now an available error, since the defendant did not compel the plaintiff to elect on which he would proceed. Although it is inartificially drawn, we do not see that any of the criticisms, directed against it by the defendant, indicate that the jury were misled by it. It predicates the plaintiff's right of recovery upon the following elements: (1) That the plaintiff, prior to the purchase, did not make a personal examination of the land; (2) that the defendant, prior to the purchase, made to the plaintiff certain representations concerning the character and quality of the land; (3) that the defendant made such representations, either knowing that they were false, or without knowledge whether they were true or false; (4) that such representations were, in point of fact, false; (5) that the plaintiff relied upon them, and was thereby deceived, and induced to pur-

chase the land. These are the elements which are necessary to sustain an action for damages for deceit.

The instruction is not subject to the criticism, that it allowed the jury to find for the plaintiff, if they should find any one of the above elements to be true. Nor is it justly subject to the criticism, that it ignores the view that the plaintiff was in a position to have seen the land and judge for himself, and that he refused to do so. Such was not an established fact, and if the defendant wanted an instruction on that point, he should have asked it. According to the plaintiff's evidence, he was never upon the land. He went near to the land, and when the defendant spoke of it to him, he decided not to look further, and did not decide, *at that time*, to purchase, but went home, to Iowa, and was finally induced to purchase by what the defendant had said to him about the land, while he was with the defendant, in its vicinity, and by what the defendant subsequently wrote to him about the character of the land. Upon the plaintiff's evidence, it was not, then, a case where two persons, negotiating about a trade, have equal means of observation and knowledge concerning the subject matter of the trade. It does not, therefore, fall within the rule of *Anderson v. McPike* (86 Mo 293), and *Cahn v. Reid* (18 Mo. App. 115). If the plaintiff had made the purchase on the spot, without taking the trouble to go upon the land, when he was within its near vicinity, then this argument would be no force, though it is not necessary for us to say whether or not it would be conclusive.

Instruction numbered two, given on behalf of the plaintiff, was as follows :

" The court instructs the jury that it is immaterial to the issues of this case whether the plaintiff, at the time he purchased the land of the defendant, paid him more, or less, than its true value."

This was a proper cautionary instruction, and the

jury were elsewhere properly instructed as to the measure of damages.

Upon the whole, there is no ground, which is available to the defendant, for the argument that the case was not fairly put to the jury, in the state of the pleadings. This was an action about a subject matter, which plain men could easily understand. It was a controversy between two neighbors, of the same nationality, and of the same church, presumptively litigating upon an equal footing, before a jury of the county in which both resided. In such a case, the ends of justice would not be subserved by refining upon instructions and by requiring too much nicety in respect of the manner in which they are drawn.

The general assignment of error, that the judgment is not sustained by the law and the evidence, and that the court erred in refusing to sustain the motions for a new trial and in arrest, need not be considered further than to say that this is not the way to assign errors; that the appellant should put his finger upon the specific errors of which he complains. But, aside from this, the assignment does not suggest to our minds any error which is available to the appellant in the state of the record. The verdict is amply supported by the evidence, leaving out the informality of its being split up between two counts, and regarding it as a round verdict; and there is nothing to indicate that another trial would lead to a different result, or that this trial has not reached the justice of the case.

The judgment is, therefore, affirmed. It is so ordered. All the judges concur.