## THE STATE v. JAMES, Alias JIM, SCOTT, Appellant.

### Division Two, November 24, 1908.

1. **NEW TRIAL: Assignments: Sufficient Motion.** The motion for a new trial must so definitely set out the reasons therefor as to direct the attention of the trial court to the precise error of which complaint is made. And no reason not so specified can be urged in support of the motion.

2. ——: ——: **Against the Law.** A simple assignment in the motion for a new trial that "the verdict is against the law" does not specifically indicate wherein the verdict infringes upon the law, and hence neither the trial court nor the appellate court will consider such an assignment as a sufficient ground for a new trial.

3. ——: ——: **Against the Evidence.** It is no ground for setting aside the verdict that it may be "against the evidence." It is only where there is no substantial evidence to support the verdict that the appellate court will reverse the judgment on the ground that the evidence was insufficient to support the verdict.

4. ——: ——: **Fraud at Elections: Sufficient Evidence.** There was substantial evidence to support the verdict in this case, and there being no other assignment of error in the motion for a new trial than that "the verdict is against the law," and that "the verdict is against the evidence," the court declines to interfere with the verdict.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Thos. J. J. Stanton* for appellant.

(1) The State wholly failed to show that John Scott of 109 South Twentieth street was a duly qualified elector of the sixth precinct of the Fourteenth ward. (2) The court erred in giving to the jury of its own motion instruction 1, in that it told the jury

that if the name of "John Scott" duly appeared upon the official registration books of 'the sixth precinct of the Fourteenth ward, that fact alone constituted him a duly qualified and registered elector and voter, without further proof upon the part of the State.

*Herbert S. Hadley*, Attorney-General, and *F. G. Ferris*, Assistant Attorney-General, for the State.

(1) The instructions given by the trial court cover all the questions of law arising in the case, which were necessary for the information of the jury in giving their verdict, and were sufficient. State v. Fielder, 210 Mo. 188.    (2) The evidence in this case amply supports every allegation of the information, and fully justifies the verdict.    No error appearing of record in the trial of the case, the judgment of the trial court should be affirmed.

BURGESS, J.—At the June term, 1907, of the circuit court of the city of St. Louis, under an information filed by the assistant circuit attorney, the defendant was found guilty of attempted fraudulent voting in a name not his own, and his punishment assessed at imprisonment in the penitentiary for three years.    After filing ineffectual ·motions for a new trial and in arrest of judgment, he appealed.

The information charged as follows:

"That on the second day of April, in the year of our Lord, one thousand nine hundred and seven, at the city of St. Louis, aforesaid, and in each ward and election precinct of said city of St. Louis, a general election was had and held pursuant to the Constitution and laws of the State of Missouri, for the choice and election of certain city officers, to-wit, for the election of members of the city council of the city of St. Louis, members of the board of education of the city of St. Louis, and for one member of the House of

Delegates of the said city of St. Louis, to be elected from each ward thereof; and that one John Scott was then and there a duly registered voter and elector in the sixth election precinct of the fourteenth ward of said city of St. Louis, entitled to cast a ballot for the officers to be voted upon at said election as aforesaid, and that then and there on said second day of April, one thousand nine hundred and seven, at the city of St. Louis aforesaid, at the said general election, one James, *alias* Jim Scott, did appear at the polling place of the said sixth election precinct of the fourteenth ward of said city of St. Louis, before the duly appointed, qualified and acting judges and clerks of election within and for the said election precinct of said ward, and knowing himself not to be the John Scott, a duly registered voter and elector in said election precinct as aforesaid, did then and there falsely, fraudulently and feloniously apply for a ballot in and upon the name of the said John Scott, registered voter and elector as aforesaid, and did then and there falsely, fraudulently and feloniously offer and attempt to cast said ballot and attempt to vote at the said general election and for the officers aforesaid, in and upon the name of the said John Scott, registered voter and elector as aforesaid; against the peace and dignity of the State.''

The evidence for the State tended to prove that on the 2nd day of April, 1907, in the city of St. Louis, and in each ward and election precinct of said city, a general election was held, pursuant to law, for the choice and election of certain city officers. On said day the defendant entered the polling place of the sixth precinct of the fourteenth ward, at 2143 Clark avenue, in said city, and represented himself to be John Scott, whose name appeared upon the registration books, with residence at 109 South Twentieth street, and demanded a ballot. After receiving same he retired to a booth

and prepared it, and then handed it to the judges. One of the judges then asked him how old he was, and he replied that his age was twenty-three years. The judge turned to the registration book and found that one John Scott was registered as a voter in the sixth precinct of the fourteenth ward. The record further showed that he was colored, a native of Missouri, thirty-six years of age, and registered at 109 South Twentieth street. The John Scott thus registered did not sign his name, the same being represented by an "X" mark in the book. The defendant being further interrogated by the judges, insisted that his name was John Scott; that he resided at 109 South Twentieth street, and was the same John Scott who had registered. He was then asked to write his name on a piece of paper, which he did, and he was then informed that the original John Scott did not write his own name. The judges refused to deposit his ballot in the ballot box, and immediately had him placed under arrest.

John Gentner, who acted as Republican clerk of registration and revision in said precinct, testified that the defendant was not the man who had registered as John Scott, and that it was he, witness, who had made the entries in the registration book when said John Scott presented himself for registration.

Several witnesses, including the landlady at 109 South Twentieth street, testified that defendant was not the same person known as John Scott, who resided at that number. It also appeared that soon after defendant's arrest, and while in the custody of an officer, he was addressed by an acquaintance as "Jim."

The defendant testified in his own behalf that his name was John Scott, and that he lived at 107 South Twentieth street; that he had never registered for the purpose of voting and did not know that such a thing was required. He denied having written his

name in the presence of the judges of election when he appeared at the polling places on the day of the election. A colored woman who kept a rooming house at 107 South Twentieth street testified that defendant "looked like" a John Scott who had roomed at her house two or three weeks in the latter part of March or first part of April, 1907, but she was not sure as to his identity.

The grounds assigned for a new trial are:

1. That the verdict of the jury is against the law.

2. That the verdict of the jury is against the evidence.

3. The verdict of the jury is against the law and the evidence.

As to the first proposition, it is contended by defendant that the State failed to show that John Scott, of 109 South Twentieth street, was a duly qualified elector of the sixth precinct of the fourteenth ward.

It is well settled that a motion for a new trial must so definitely set out the reasons therefor as to direct the attention of the trial court to the precise error of which complaint is made. [Huppert v. Weisgerber, 25 Mo. App. 95; Stone v. Wolfskill Bros., 59 Mo. App. 441.] And no reason not so specified shall be urged in support of the motion. [Vanstone v. Goodwin, 42 Mo. App. 39; Alexander v. Railroad, 54 Mo. App. 66.]

The simple assertion that the verdict of the jury is against the law does not indicate specifically wherein it infringes upon the law, nor are we able to see in what particular it does so. It is no ground for setting aside the verdict of the jury that it may be against the evidence. It is only in case there is no substantial evidence to support the verdict that this court will interfere; and it cannot be said that there was no substantial evidence of the defendant's guilt in this case. The verdict was approved by the court, and we must decline to interfere therewith.

The third ground assigned in the motion for a new trial simply reiterates and conjoins the first two, upon which we have passed.

Finding no reversible error in the record, the judgment is affirmed.    All concur.