WILLIAM REISENLEITER, Respondent, v. UNITED
RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, January 24, 1911.

1. CARRIERS OF PASSENGERS: Street Railways: Injuries to Passenger: Ownership of Car: Evidence. In an action for injuries to a passenger while attempting to board a street car, slight evidence in support of the allegations as to defendant's ownership or operation of the car at the time of the injury is sufficient, where it is not combated and, except for a general denial, there is no intimation that defendant resists the claim on the ground it was not the operator of the car.

2. ———: ———: ———: ———: Necessity of Proving. Where, in an action for injuries to a passenger while attempting to board a street car, the evidence showed that plaintiff was injured by the jerking forward of a car on a designated avenue in a city, but there was no evidence as to whose car it was nor by whom it was operated, and, so far as the evidence disclosed, any company other than defendant might have owned or operated the car, plaintiff could not recover.

3. ———: ———: ———: ———: Effect of Plea of Contributory Negligence. In an action against a carrier of passengers for personal injuries received by a passenger, a plea of contributory negligence in the answer does not admit the allegations of the petition as to defendant's operation of the car and its negligence.

4. ———: ———: ———: ———: Plea of Contributory Negligence Admits What. A plea of contributory negligence interposed by a street railway company, in an action for injuries to a passenger while attempting to board a car, which alleges that whatever injuries, if any, plaintiff sustained, were caused by his own negligence in attempting to board the car while in motion, merely admits that plaintiff attempted to board a car, which he *alleges* was operated by the company, but does not admit that the company owned or operated the car.

5. APPELLATE PRACTICE: Referring to the Other Cases for Information: Carriers of Passengers: Street Railways: Ownership. The court, on appeal from a judgment for plaintiff, in a suit for injuries sustained while attempting to board a street car, cannot refer to other cases which have been heard in the

court with reference to defendant for information as to whether it operated the car at the time of the injury.

6. **EVIDENCE: Judicial Notice: Carriers of Passengers: Street Railways: Ownership.** Courts cannot take judicial notice that on a designated date a street car railway company was the owner of a line on a street in the city of St. Louis, or was was operating a car on that line.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

The court erred in refusing to give at the close of the case, an instruction in the nature of a demurrer to the evidence, as requested by the defendant. There being no evidence that the defendant was the owner or operator of the car from which it is alleged the plaintiff was jerked, the plaintiff's case was therefore fatally insufficient. Frisby v. Railroad, 214 Mo. 567.

*John B. Denvir, Jr.* for respondent.

The court did not err in refusing to give at the close of the case an instruction in the nature of a demurrer to the evidence as requested by defendant. State v. Railroad, 212 Mo. 676; Allen v. St. Louis Transit Co., 183 Mo. 423; Burbridge v. Cable Co., 36 Mo. App. 680; Leewright v. Ahrens, 60 Mo. App. 120; Buesching v. Gas Light Co., 73 Mo. 219; Soder v. Railroad, 100 Mo. 673; Kattleman v. Fire Association, 79 Mo. App. 452; Holmes v. Kring, 93 Mo. 452; State ex rel. v. Bland, 144 Mo. 534; Gildersleeve v. Overstolz, 97 Mo. App. 303; State v. Ruth, 14 Mo. App. 226; Henry County v. Salmon, 201 Mo. 161; Boskett v. Met. St. Ry. Co., 123 Mo. App. 305; Johnson v. Railroad, 104 Mo. 594; Mo. App. 729; South & N. A. R. Co. v. Pelgreen, 62 Brooks v. R. R., 98 Mo. App. 176; O'Keefe v. United

Railways Co., 124 Mo. App. 619; Reno v. City of St. Joseph, 169 Mo. 650; Wigmore on Evidence, sec. 2570; 16 Cyc. 1861, notes 22 & 23; Barry v. United Railways Co., 125 Mo. App. 96; Davies v. Hunt, 37 Ark. 574; People v. McQuade, 85 Mich. 123; Galveston, etc., R. Co. v. Johnson, 29 S. W. 428; Hobbs v. Memphis, etc., R. Co., 9 Heisk. (Tenn.) 873; Sun Ptg. Co., etc., Ass'n v. N. Y., 8 N. Y. App. Div. 230; Brookman v. Railroad, 137 N. Y. 362; Board of Commissioners v. Ft. Wayne W. P. Co., 17 Ind. App. 36; Chicago v. Duffy, 117 Ill. App. 261; Deneger v. Walker, 214 Ill. 113; Boyle v. Oil Co., 13 Wash. 383; Wainwright v. Railroad, 110 C. D. 530; Knowlton v. Railroad, 72 Conn. 188; State v. Main, 69 Conn. 123, 126; Allen v. Schairinghausen, 8 A. 229; Railroad v. White, 3 Wilson Civ. Cas. Ct. App. 163; Railroad v. Smith, 65 Ind. 92; Walsh v. Ore. Ry. & Nav. Co., 10 Or. 250; Railroad v. Graves, 2 Wilson Civ. Cas. Ct. App. 679; Lumley v. Gye, 2 E. B. 216, 267, 17 Jur. 827; Lohmeyer v. Carthage Co., 214 Mo. 688.

STATEMENT.—This suit was instituted by plaintiff in the circuit court of the City of St. Louis to recover of defendant the sum of $10,000 damages for personal injuries sustained by him through the alleged negligence of defendant. In substance, the second amended petition, upon which the case was tried, alleged that on May 16, 1907, the defendant was a corporation operating an electric street railroad for the carriage of passengers for hire over and along Easton avenue in the said city; that on said day, at the northwest corner of Easton avenue and Whittier street, a customary place for receiving passengers, one of the cars operated by the defendant on said line had slowed down to almost a standstill to receive plaintiff as a passenger pursuant to his signal to stop, but that while he was entering upon said car holding the hand-railing thereof and in the act of stepping thereon, defendant's servants and agents in charge of said car, instead of bringing said car to a

standstill as it was their duty to do until plaintiff had a reasonable time to get aboard, negligently caused the power to be suddenly and without warning applied to said car with great force, by reason thereof said car was suddenly jerked forward with great and more than usual violence, etc., before plaintiff had a reasonable opportunity to get upon same. That thereby plaintiff was severely and permanently injured, etc., all to his damage, etc.

The answer first contains a general denial of each and every allegation in the second amended petition contained and then the following:

"For another and further answer and defense this defendant says that whatever injuries, if any, the plaintiff sustained were caused by his own carelessness and negligence in attempting to board the street car while it was in motion."

There was a trial had before the court and jury and at the close of plaintiff's evidence, defendant asked, and the court refused, an instruction in the nature of a demurrer to the evidence, to which action of the court the defendant duly excepted and saved its exception. The defendant introduced no testimony and asked no other instructions. The trial resulted in a verdict and judgment for the plaintiff in the sum of $2000, and after an unsuccessful motion for a new trial and in arrest of judgment the defendant has duly prosecuted its appeal to this court.

CAULFIELD, J. (after stating the facts).—The only assignment of error which we need notice on this appeal is that the court erred in refusing to give at the close of the case the instruction in the nature of a demurrer to the evidence as requested by the defendant. It is urged that this instruction should have been given because there was no evidence that the defendant was the owner or operator of the car from which it is alleged the plaintiff was jerked and that therefore the

plaintiff's proof was fatally insufficient. Counsel for defendant cites Frisby v. St. Louis Transit Co., 214 Mo. 567, 113 S. W. 1059. There is no doubt that that case fully sustains the legal proposition for which defendant contends. That was a case where the suit was instituted by plaintiff to recover of the St. Louis Transit Company damages for negligence and the Supreme Court held that plaintiff's case was fatally defective and that the demurrer to the evidence was properly sustained because there was no evidence contained in the record which tended to show that the defendant owned or operated the car which caused the injury complained of. In effect the rule laid down there was that the evidence must support the allegations as to the ownership or operation of the car at the time of the injury or else plaintiff must fail. That is unquestionably the rule of law in this state and we are bound to follow it in this case. It is, however, also the rule that slight evidence tending to support the inference that defendant owns or operates the road will be sufficient, where it is not combated, and, except for the general denial, there is no intimation that the defendant resists the claim on the ground that it was not the operator. [Geiser v. St. L. I. M. & S. Ry. Co., 61 Mo. App. 459; O'Keefe v. United Railways Co., 124 Mo. App. 613, 619, 620, 101 S. W. 1144.]

We have most carefully examined the testimony, with a view to ascertaining whether there is the least evidence tending to support such inference and have been unable to find it. The record is barren in that respect. There is not the slightest intimation by any witness that the defendant owned any street car nor that it or its agents or servants operated or had anything to do with any street car. It appears merely that plaintiff was injured by the jerking forward of a car on Easton avenue. Whose car it is, or by whom it was operated is blank. So far as the evidence discloses, any company other than the defendant might have

owned or operated the street car which injured the plaintiff. Under these circumstances we are bound to follow the ruling of our Supreme Court in Frisby v. Railway, supra, and reverse and remand the cause. Plaintiff urges however, that defendant's plea of contributory negligence admits the allegations of the petition as to its operation of the car and its negligence, notwithstanding its general denial. This idea we deem negatived by the Supreme Court in Peterson v. Met. Street Ry. Co., 211 Mo. 498, 520, 111 S. W. 37. Neither are we able to agree with plaintiff that the language of defendant's plea is so peculiar that it may be taken to admit that defendant operated the car which injured plaintiff. It is true that it speaks of plaintiff "attempting to board the street car while it was in motion" and it undoubtedly may be taken to refer to the car which the petition alleges was operated by the defendant. In other words the answer may be taken to read as if it spoke of plaintiff "attempting to board the car which plaintiff *alleges* was operated by the defendant." It could not be fairly construed to mean more than that. But such meaning is a far step from an admission that the car was owned and operated by the defendant. Plaintiff might be relieved by that language from proving that he attempted to board a car but the burden would still be on him to show his injury, and the facts necessary to place the responsibility therefor upon defendant.

Plaintiff suggests that we refer to other cases which have been heard in this court with reference to the United Railways Company for information as to whether it operated the car in question at the time of plaintiff's injury. The same kind of a suggestion was made to the Supreme Court in the case of Little Rock Trust Co. v. S. M. & A. Ry. Co., 195 Mo. 669, 691, 93 S. W. 944 and that court answered the suggestion by saying "it is apparent that this court cannot look to any facts that appeared to the court in that case in order to help

out a judgment in this case, for the very simple reason that the plaintiff in this case is different from the plaintiff in that case." We are compelled to make the same answer to this plaintiff. Neither do we feel justified in holding that courts can take judicial notice without proof that on September 11, 1907, the defendant was the owner of the Easton avenue line or was operating the car which caused plaintiff's injury. The judgment will be reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.