J. M. BYRD, Respondent, v. W. F. VANDERBURGH, Defendant; BANK OF MARSTON, Interpleader Appellant.

**St. Louis Court of Appeals, November 12, 1912.**

1. **APPELLATE PRACTICE: Reviewing Matters of Exception: Necessity of Motion for New Trial.** Where the appellant does not assign error on the record proper, the appellate court will review only those matters that have been finally passed upon by the trial court on the motion for a new trial.

2. ————: **New Trial: Grounds of Motion: Verdict Against Weight of Evidence.** A ground of a motion for a new trial, that "the verdict and judgment are for the wrong party," and a ground that "the verdict and judgment are contrary to the evidence," are, in substance, the same as a claim that "the verdict and judgment are contrary to the greater weight of the evidence," which is not a ground of appellate interference.

3. ————: **Conclusiveness of Verdict.** The appellate court will not disturb a judgment of the trial court on the ground that the verdict returned was contrary to the greater weight of the evidence.

4. ————: **New Trial: Grounds of Motion: Sufficiency.** A ground in a motion for new trial, that the judgment and verdict are against the law, is not sufficiently specific for consideration.

· 5. ————: Sustaining Demurrer to Evidence: Harmless Error. The error in sustaining a demurrer to plaintiff's evidence as to a part of the property involved in an attachment suit· was made harmless by the rendition of judgment for plaintiff as to such part of the property.

6. ————: Reviewing Admission of Evidence: Necessity of Exception.  The admissibility of evidence will not be considered, on appeal, where no exception was saved to the ruling admitting it.

7. ————: Excluding Evidence: Harmless Error.  The error in excluding evidence relating to an item of property in controversy as to which judgment was rendered for appellant, was harmless.

8. NEW TRIAL: Perjury or Mistake: Discretion of Court. Sec. 2022, R. S. 1909, authorizing the granting of a new trial if the court is satisfied that perjury or mistake was committed by a witness, occasioning an improper verdict or finding as to such matter, and' that the moving party has a just cause of action or defense, gives the trial judge a wide discretion in granting a new trial on such ground, subject only to its reasonable exercise under the facts.

9. APPELLATE PRACTICE: Conclusiveness of Findings of Fact. It is not the appellate court's province to interfere with findings by the trial court which depend upon the credibility of witnesses.

10. NEW TRIAL: Surprise: Trial Practice.  It is a general rule that each party must understand his case and come prepared to meet the case made by his adversary, and a party cannot, therefore, be surprised that his adversary introduced testimony in support of the issues made by the pleadings, even though such testimony was false; and hence, in attachment proceedings involving the right to possession of hoops, where the only issue was whether interpleader, who purchased the hoops from the debtor, had taken actual possession thereof, and interpleader, in order to establish that it had taken possession, introduced evidence that it had marked the hoops, interpleader was not entitled to a new trial on the ground that it was surprised because plaintiff's witnesses testified that the hoops were not marked when the attachment levy was made, although the fact that they were so marked was not denied at the trial in the justice's court, where the case originated..

11. ————: ————: ————: Appellate Practice.  If a party is surprised by an unforeseen occurrence at the trial, such as the admission of evidence, he should · immediately apprise the

168 Mo. App. 8

court of his surprise and ask for a reasonable postponement to enable him to produce counter evidence; and if he fail to do this, he is in no position to urge his surprise as ground for a new trial.

12. **ATTACHMENT: Fraudulent Conveyances: Possession: Burden of Proof.** In attachment proceedings involving the right to possession of chattels claimed by an interpleader as purchaser from the debtor, the burden is on the interpleader to show that he took actual possession upon purchasing, as required by law.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Peter Huck,* Judge.

AFFIRMED.

*E. F. Sharp* for appellant.

A new trial should have been granted interpleader herein by the court on the ground that perjury or mistake had been committed by witnesses of plaintiff in regard to when the hoops were marked. The affidavits filed with the motion for new trial show conclusively that their testimony was in error in this important respect. Interpleader was over 120 miles away from home and from where the witness who made affidavits live. It was an abuse of judicial discretion not to allow it. Sec. 2022, R. S. 1909; Ridge v. Johnson, 129 Mo. App. 541; Rickard v. Martin, 43 Mo. App. 597.

*Brown & Gallivan* for respondent.

Courts will not grant a new trial where the evidence for which same is requested would be merely cumulative. State v. Allen, 171 Mo. 562; State v. Bybee, 149 Mo. 632.

STATEMENT.—The controversy here is between the plaintiff, Byrd, an attaching creditor of defendant Vanderburgh, and the Bank of Marston, interpleader

in the attachment suit, and involves the right to the possession of a quantity of hoops piled in the hoop sheds of the Marston Hoop Mill at Marston, Missouri. The issues made upon the bank's interplea were tried to the court, jury being waived, and were found in favor of the plaintiff, the attaching creditor, as to all the hoops except some, which, when attached, had been loaded into a railroad car for shipment. The bank, interpleader, has appealed to this court.

It claimed the right to the possession of the hoops under and by virtue of an instrument in the form of a bill of sale to it, which was executed by defendant Vanderburgh on February 11, 1909, to secure certain advancements made and to be made by the bank, and purporting to transfer to the bank all hoops then in said sheds and all that might thereafter be manufactured by said mill or piled in said sheds or thereabout. It is conceded that neither the said instrument nor a true copy thereof was recorded or filed in the recorder's office. Up to Saturday, May 15, 1909, all the hoops remained in the hoop sheds where they had been placed and kept by Vanderburgh while concededly in his possession. Part of them had been manufactured before the "bill of sale" was executed and part thereafter. The bank does not appear to have had possession or control of the sheds. They were appurtenant to the hoop mill which defendant Vanderburgh operated.

On Saturday, May 15, 1909, the bank caused part of the hoops to be loaded on a car for shipment to a buyer whom Vanderburgh had found, he says, for the bank. The buyer's order for the car of hoops was addressed to the bank. A bill of lading issued in the name of the buyer. This loading was done by one Nelson, Vanderburgh's foreman, who was, however, according to the bank's evidence, employed by the bank for such loading. The hoops not so loaded remained in the sheds. On Monday, May 17, 1909, the

hoops in the sheds as well as those on the car were levied on under the writ of attachment. The sole question upon the trial was whether the bank had taken possession of the hoops in the manner required by statute, before the attachment was levied.

The cashier of the bank testified on its behalf that, several weeks before the attachment, the bank caused the hoops to be marked "here and there all over the several piles, 'Property of the Bank of Marston;' " that the words "Bank of Marston" were put on with a rubber stamp and the words "Property of" written with a lead pencil just above them. Ankersheil, assistant cashier, testified that he marked the hoops for the bank; that, in addition to the rubber stamp and lead pencil marking, he had written on sheets of paper the words, "Property of the Bank of Marston," and attached one or more of such sheets on each pile of hoops in the shed. On the other hand, W. A. Nelson, who had charge of the loading of the car for the bank, and J. D. Dockery, the constable who levied on the hoops, gave testimony on behalf of plaintiff, the attaching creditor, to the effect that the hoops were not marked by the bank until after the levy of the attachment. Dockery denied having testified before the justice of the peace that when he went to the shed he found the notices on the hoops.

The grounds stated in the bank's motion for a new trial are as follows:

"1st. Because the verdict and judgment is for the wrong party.

"2nd. Because the verdict and the judgment are contrary to the greater weight of the evidence.

"3rd. Because the verdict and judgment is contrary to the law and the evidence.

"4th. Because the court erred in sustaining in part the motion of the plaintiff, J. M. Byrd, in the nature of a demurrer as offered at the conclusion of the testimony of interpleader.

"5th.  Because the court erred in sustaining the motion of plaintiff Byrd offered at the conclusion of all the testimony.

"6th.  Because the court erred in admitting incompetent and irrelevant testimony offered by plaintiff over the objection of interpleader.

"7th.  Because the court erred in refusing to admit competent, material and relevant testimony offered by interpleader.

"8th.  Because witnesses for the plaintiff committed either perjury or mistake in testifying that the hoops involved in the suit were not marked by the interpleader prior to the levy of the attachment, as see affidavits filed herewith.

"9th.  Because interpleader was surprised by the testimony offered by plaintiff to the effect that the said hoops were not marked when levy was made, as this fact was not denied at the hearing before the justice of the peace.  Affidavits proving the contrary to be the fact are filed herewith."

Accompanying this motion were six affidavits, which, if accepted as absolutely true, would establish that the marking occurred prior to the levy of the attachment, and tended to prove that the plaintiff's witnesses, Nelson and Dockery, knew that such marking had been done.  The affiants, however, do not agree with the bank's witnesses at the trial as to when such marking was done.  None deposed that it was done more than two weeks before the attachment levy, and one deposed positively that only "several days" before the hoops were loaded into the car he saw Ankersheil doing the marking.

CAULFIELD, J. (after stating the facts).—As the appellant, interpleader, does not claim that there is any error on the face of the record proper, we may only consider what has been finally passed upon by the circuit court on the motion for a new trial.

The first ground stated in said motion is, that "the verdict and judgment are for the wrong party." This, and that embodied in the third ground, viz.: that the verdict and judgment are contrary to the evidence, are merely the statement in another form of the second ground, which is, that "the verdict and the judgment are contrary to the greater weight of the evidence." [State ex rel. Stewart v. Todd, 92 Mo. App. 1. See, also, Heine v. Morrison, 13 Mo. App. 577; State v. Scott, 214 Mo. 257, 113 S. W. 1069.] That is not a ground on which we may interfere with the judgment of the trial court.

The statement in the third ground, that the verdict and judgment are against the law, is not sufficiently specific to compel consideration. [State v. Scott, supra.]

The fourth ground relates to the action of the trial court in sustaining a demurrer to the evidence of the interpleader (appellant) as to the hoops loaded on the car. This action was taken at the conclusion of the testimony of the interpleader. But the judgment should not be reversed because of such action, for the reason that it was for the interpleader as to those hoops, and whatever error was involved in sustaining the demurrer was thereby rendered harmless.

The fifth ground is, that the court erred in sustaining the motion of plaintiff offered at the conclusion of all the testimony. The record does not disclose that any such motion was sustained or offered.

The sixth ground, that the court erred in admitting incompetent and irrelevant testimony offered by defendant over the objection of the interpleader, must be overruled because the record does not disclose that the interpleader saved any exception to any ruling on the admissibility of evidence offered by the plaintiff.

The seventh ground is, that the court erred in refusing to admit competent, material and relevant

testimony offered by the interpleader. The only evidence offered by the interpleader which appears to have been excluded and exception noted, was the bill of lading for the carload of hoops. As this evidence related only to the hoops in the car, and the judgment of the trial court was in favor of the interpleader as to them, the error in excluding it, if any, must be held to have been harmless.

This brings us to the eighth and ninth grounds stated, which are the principal grounds relied upon by appellant in urging that the judgment be reversed and a new trial granted. The eighth is, that "witnesses for the plaintiff committed either perjury or mistake in testifying that the hoops involved in the suit were not marked by the interpleader prior to the levy of the attachment." The statute (Sec. 2022, R. S. 1909) provides that the trial court shall grant a new trial if it "is satisfied that perjury or mistake has been committed by a witness, and is also satisfied that an improper verdict or finding was occasioned by any such matters, and that the party has a just cause of action or defense." "The purpose of this enactment is to clothe the trial judge, who enjoys the advantage of meeting the parties and witnesses face to face, with a wide discretion to be exercised in furtherance of substantial justice. He should be satisfied with the justice of the verdict, otherwise, it is his duty to set it aside. . . . With respect to the ground for a new trial under consideration, the judge is invested by the statute with the functions of a trier of fact and his discretion is limited only by the rule that it must not arbitrarily be exercised but must rest on a reasonable foundation of fact." [Ridge v. Johnson, 129 Mo. App. 541, 107 S. W. 1103; see, also, Rickroad v. Martin, 43 Mo. App. 597; Sly v. Union Depot R. Co., 134 Mo. 681, 36 S. W. 235.] In the case at bar there was nothing to satisfy the trial court that perjury or mistake had been committed by plaintiff's

witness, except the testimony of interpleader's witnesses and the *ex parte* and, to some extent, contradictory, affidavits which interpleader filed with the motion for a new trial. Its determination of the matter must necessarily have depended upon its view of the mere credibility of the witnesses, with which it is not our province to interfere.

As to the ninth ground, viz.: "interpleader was surprised by the testimony offered by plaintiff to the effect that the said hoops were not marked when levy was made, as this fact was not denied at the hearing before the justice of the peace," the following, quoted from the decision of our Supreme Court in Thiele v. Citizens' Ry. Co., 140 Mo. 319, l. c. 338, 41 S. W. 800, is a sufficient response:

"It is a general rule that each party must understand his case and come prepared to meet the case made by his adversary; therefore, a party cannot be surprised that his adversary introduced testimony in support of the issues made by the pleadings, even though such testimony is false. [Hayne's New trial, par. 79.] The rule is thus forcibly stated by PHILLIPS, P. J., in Bragg v. City of Moberly, 17 Mo. App. 221. 'If a party be surprised by an unforseen occurrence at the trial, he should make his misfortune known to the court instantly and ask for a reasonable postponement to enable him to produce the countervailing proof. If he can relieve himself from his embarrassment by any mode, either by a nonsuit or a continuance, or the introduction of other testimony, or otherwise, he must not take the chance of a verdict, but must at once fortify his position by resorting to all available modes of present relief.' "

In the case at bar, the only issue was whether the interpleader had taken such actual possession of the hoops as was required by law of a vendor or of a mortgagee whose mortgage was not recorded or filed. As to this, the interpleader had the burden of proof.

In an attempt to sustain this burden, it introduced evidence to the effect that it had marked or branded the hoops as its property prior to the levy of the attachment. The testimony introduced by the plaintiff, which interpleader claims was a surprise, merely contradicted the testimony which the interpleader had previously introduced. It is clear, under the general rule just quoted, that the interpleader could not be surprised that its adversary introduced such testimony, and if it was, it was its duty to make known the fact of its surprise at the trial, a thing which it neglected to do. Recognizing the rules above quoted, the judgment cannot be reversed on the ninth ground.

It appearing then that the record is barren of error warranting a reversal of the judgment, the judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.