C. J. RAIFEISEN, Appellant, v. W. E. YOUNG et al., Respondents.

St. Louis Court of Appeals, June 2, 1914.

1. NEW TRIAL: Verdict Against Evidence. A ground of a motion for a new trial, that the verdict is against the evidence, is, in substance, the same as a claim that the verdict is against the weight of the evidence, which is not a ground of appellate interference.

2. APPELLATE PRACTICE: Conclusiveness of Verdict: Weighing Evidence. The appellate court will reverse a judgment on the ground of the insufficiency of the evidence only when there is no substantial evidence to support the verdict.

3. NEW TRIAL: Sufficiency of Motion: General Statement of Grounds. A ground of a motion for a new trial, that the verdict is against the law as declared in the instructions, is too general for consideration.

4. ————: ————: ————. A ground of a motion for a new trial, that the verdict should have been for plaintiff and not for defendant, is equivalent to a contention that the verdict

is against the weight of the evidence, and is not sufficiently specific to be of any effect.

5. ———: ———: ———. A motion for a new trial must set out the reasons therefor so definitely as to direct the trial court's attention to the precise ground of complaint.

6. **APPELLATE PRACTICE:** Review of Matters of Exception: **Prerequisites.** The appellate court will review only such assignments as are preserved in the motion for a new trial.

Appeal from Bollinger Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Montgomery* and *Montgomery* for appellant.

No brief filed for respondent.

ALLEN, J.—This is an action upon a bond executed by the defendant Young, as principal, and by his codefendants as sureties. Plaintiff, the obligee in the bond, entered into a contract with the defendant Young, employing the latter as a salesman, to sell goods manufactured or sold by a certain company, in territory which might be assigned to said defendant from time to time. The term of hiring was for one year, with a provision that plaintiff retained the right to terminate the contract at any time whenever, in his opinion, defendant Young "did not handle the territory assigned to him to the best interest" of the manufacturing company, whose goods he was selling. Defendant Young was to be paid a certain commission upon sales made by him, it being agreed that the plaintiff would advance to him, from time to time, such necessary sums of money for travelling expenses as he might require. The bond, of even date with the contract, was conditioned that defendant Young should account for and return the samples, trunks, etc., furnished him, and repay to plaintiff, upon ceasing to act

as travelling salesman under the contract, such moneys as had then been advanced to him for travelling expenses in excess of the commissions earned by him.

It appears that defendant Young began work under the contract early in November, 1910, and continued in such employment until about March 21, 1911, when he was discharged by plaintiff. During this time plaintiff had advanced his traveling expenses, which, it is claimed exceeded the amount of his commissions. And this suit was brought against said defendant and the sureties on his bond, to recover the amount thus alleged to have been advanced in excess of such commissions; the plaintiff claiming that there was a balance owing to him of $257.97 on account thereof.

It is unnecessary to notice the pleadings, or to set forth the details of the evidence. Upon a trial before the court and a jury there was a verdict and judgment for defendant, and the plaintiff has appealed to this court.

The only point urged here for reversal is that the verdict has no substantial evidence to support it; that the trial court therefore erred in refusing to set it aside.

But the record before us discloses that the grounds of plaintiff's motion for a new trial, filed below, are as follows:

1. The verdict of the jury is against the evidence presented at the trial.

2. The verdict was against the weight of the evidence.

3. The verdict is against the law as declared in the instructions given by the court.

4. The verdict of the jury should have been for plaintiff and not for the defendant.

The first ground stated in said motion, viz., that the verdict is "against the evidence," is merely the statement, in another form, of the second ground thereof, to-wit, that the verdict is "against the weight of

the evidence.'' We have expressly so held in the recent
case of Byrd v. Vanderburgh, 168 Mo. App. 112, 151 S.
W. 184. [See also State ex rel. v. Todd, 92 Mo. App.
1; State v. Scott, 214 Mo. 257, 113 S. W. 1069.] That
the verdict is against the weight of the evidence, is not
a ground upon which the appellate court may inter-
fere. In such a case, we can reverse the judgment
only when there is no substantial evidence whatsoever
to support the verdict. This is too well established to
require the citation of authorities.

The third ground of the motion, that the verdict
is against the law as declared by the court, does not
''indicate specifically wherein it infringes upon the
law,'' and is altogether too general to call for further
consideration. [See State v. Scott; Byrd v. Vander-
burgh, supra.]

The fourth ground of the motion, that the verdict
should have been for the plaintiff and not for the de-
fendant, is also tantamount to saying that the verdict
is against the weight of the evidence; and is not suffi-
ciently specific to be of any effect whatsoever.

It is well settled that a motion for a new trial
must set out the reasons therefor so definitely as to
direct the attention of the trial court to the precise
ground of complaint. [See State v. Scott, supra.] And
we may only review such assignments of error as are
preserved in the motion for a new trial. As nothing
is here preserved which could authorize this court in
disturbing the judgment, the latter must be affirmed.
It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,*
concur.