JOSEPHINE B. LACKLAND, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals.   Argued and Submitted January 3, 1917.
Opinion Filed February 6, 1917.

1. **NEW TRIAL:** Grounds: Verdict against Evidence. A ground of an order granting a new trial, that the verdict is against the evidence, is merely the statement in another form that it is against the weight of the evidence.

2. **APPELLATE PRACTICE:** Review: Order Granting New Trial. It is not the province of the appellate court to pass on the weight of

the evidence, in an action at law, nor to determine whether the testimony of the prevailing party and his witnesses was so irresponsible as to have influenced the court in granting a new trial on the ground that the verdict was against the weight of the evidence.

3. ———: Review: Order Granting New Trial: Incorrect Reason Assigned. The granting of a new trial, when proper, will not be disturbed, on appeal, although an incorrect reason was assigned by the trial court for its action.

4. STREET RAILWAYS: Injury to Passenger: Ownership of Car: Sufficiency of Evidence. In an action against a street railway company for injuries sustained on a street car, *held* that, despite the rule that ownership of a street car may be inferred from slight facts and circumstances, the evidence as to defendant's ownership of the car in question was insufficient to carry the case to the jury.

5. ———: ———: ———: ———. In such case, *held* that the fact that a claim agent for defendant went to see plaintiff about the claim had no tendency to prove the essential fact that defendant was the owner of the car in question.

6. APPELLATE PRACTICE: Review: Matters de hors the Record. The appellate court cannot consider matters that do not appear in the record of, and the bill of exceptions filed in, the trial court, and hence affidavits filed in the appellate court cannot be taken as establishing the existence of a fact essential to a recovery, which was not proved at the trial.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillan*, Judge.

AFFIRMED AND REMANDED.

*S. T. G. Smith* for appellant.

(1) The appellant in this case having made out a complete case under the evidence and there being no evidence to the contrary, the court having sustained a motion for a new trial because the verdict was against the weight of the evidence, it is the duty of the appellate court to set aside the action of the trial court granting such new trial and to sustain the verdict of the jury. Richardson v. Moffitt-West Drug Co., 92 Mo. App. 515. (2) Only slight evidence tending to support the inference that respondent operated the car upon which the appellant was injured is necessary. Reisenleiter v.

United Railways Co., 155 Mo. App. 89; Kerr v. Quincy, Omaha & Kansas City Railroad Co., 113 Mo. App. 1; Agnew v. Metropolitan Street Railway Co., 178 Mo. App. 119; Oyler v. Quincy, Omaha & Kansas City Railroad Co., 113 Mo. App. 375. (3) The case having been tried on a general denial, the question as to whether or not respondent was operating the car on which appellant was injured being merely technical, the fact that respondent was operating the car can be proved by affidavit in this court after the cause has been appealed. United States v. Trans-Missouri Freight Association, 116 U. S. 311; Whiteside v. Haselton, 110 U. S. 296; Carr v. Fife, 156 U. S. 494, 127 Federal 806; Red River Cattle Co. v. Neeham, 137 U. S. 632; Wilson v. Blair, 119 U. S. 387.

*Boyle & Priest* and *S. P. McChesney* for respondent.

The trial court did not err in sustaining the motion for a new trial in this case, because the granting or refusing of new trials on the ground that the verdict is against the evidence or the weight of the evidence rests peculiarly with the judge presiding at the trial, and his discretion in this particular will not be interfered with unless it plainly appears that it has been unsoundly or arbitrarily exercised. McKay et al. v. Underwood, 47 Mo. 185; Iron Mountain Bank v. Armstrong, 92 Mo. 265; Bank of Brunswick v. Wood, 124 Mo. 72; Taylor v. Railroad, 163 Mo. 191; Gould v. St. John, 207 Mo. 619; Clarkson v. Garvey, 179 App. 9; Devine v. St. Louis, 257 Mo. 470.

REYNOLDS, P. J.—Plaintiff brought her action against the defendant, United Railways Company, averring that that was a corporation, organized and existing under and by virtue of the laws of this State, and that on May 16, 1911, and for many months prior thereto, it had been engaged in operating a street railway on the streets of St. Louis, over which the defendant was, on May 16, engaged in propelling passenger cars, and that on that date it was engaged in operating a passenger car

carrying passengers for hire on the strip of track running east on Olive, a public street in the city of St. Louis, and that on that date plaintiff was a passenger on one of the cars of defendant, running east on Olive, having paid her fare; that defendant, on the date named, stopped its car upon which plaintiff was then riding, for the purpose of permitting passengers to alight; that plaintiff left her seat, proceeded to the rear platform of the car and while it was stopped attempted to alight from it, and that while she was in the act of alighting, the defendant, through its employees operating the car, carelessly and negligently started the car forward with a jerk, the car being carelessly and negligently started forward while plaintiff. was in the act of alighting from it and by reason of this careless and negligent starting and jerking of the car, plaintiff was thrown forward, her ankle badly wrenched, one of the ligaments therein broken, her ankle permanently injured, and that she has suffered great bodily pain in consequence of the happening, to her damage in the sum of $2500.

Defendant, by its answer, denied each and every allegation in the petition.

On a trial before the court and a jury, plaintiff testified to the fact that she was a passenger on a street railroad car, running east from Taylor avenue and Olive, and that it was on this car that she received her hurt, as set out in her petition. She gave a particular account of the happening and of her injury and introduced a witness who claimed to have seen the accident and to have assisted plaintiff to the home of her father-in-law, she also introducing testimony of surgeons as to the extent and character of the injury. Defendant introduced no evidence but demurred. That being overruled, defendant stood on its demurrer.

At the instance of plaintiff the court instructed the jury that if they believed from the evidence that plaintiff boarded one of defendant's cars on its line of road and tendered a transfer duly issued by the defendant company for her fare, and that defendant, through its

197 M. A.—5

agents or employees stopped the car on which plaintiff was a passenger at the usual place for passengers to alight at the corner of Taylor and Olive streets, and that while it was so stopped plaintiff started to get off the car, and those in charge knew, or by the exercise of ordinary care and caution might have known, that plaintiff was in the act of alighting from the car and permitted it to be started before plaintiff had a reasonable time to alight therefrom and that by reason of the car being so started plaintiff was thrown down and injured, they should find for plaintiff, the instruction also covering the question of the amount of damages.

There was a verdict for plaintiff in the sum of $2000. Defendant thereupon filed a motion for new trial on the ground that the verdict was against the evidence, against the weight of the evidence, against the law and was excessive, and because the court erred in refusing to give the instruction in the nature of a demurrer and had erred in giving and reading to the jury erroneous, misleading and prejudicial instructions. Thereafter the motion for new trial coming on it was sustained by the court "because the verdict was against the evidence." From this plaintiff has duly appealed to our court.

We held in Raifeisen v. Young, 183 Mo. App. 508, 167 S. W. 648, that where the motion for new trial assigned as a ground that the verdict is against the evidence that that is merely the statement in another form of another ground assigned that it is against the weight of the evidence, referring to authorities of the Courts of Appeals, and of the Supreme Court in support of this, and we there held (l. c. 511) that the assignment, "that the verdict is against the weight of the evidence, is not a ground upon which the appellate court may interfere. In such a case, we can reverse the judgment only when there is no substantial evidence whatsoever to support the verdict."

It is argued by learned counsel for respondent, that the testimony of the only witness introduced by plaintiff in support of her account of the accident is in irreconcilable conflict with the testimony of plaintiff her-

self, and that the trial court, having the witnesses be-
fore it and hearing their testimony, is more competent
to judge of the credibility of the witnesses than an ap-
pellate court can possibly be. We are not in a position,
nor is it within our province as an appellate court, in
an action at law, to pass on the weight of the evidence,
nor to determine whether the testimony of plaintiff and
her witness is so irreconcilable as to have influenced the
mind of the trial court in sustaining this motion.

While the action of the court in sustaining the mo-
tion for new trial purports to be bottomed on the
assigned ground that the verdict was against the evi-
dence, that does not confine us to that assignment. If it
appears from an examination of the record that the
motion for a new trial should have been sustained on
any other ground than that assigned by the court, it is
the duty of our court to sustain the order. See Richard-
son v. Moffitt-West Drug Co., 92 Mo. App. 515, l. c. 537,
in which we said: "The appellate court will sustain
the order if it can be done, either on the ground assigned
or any other found in the record; but it cannot be sus-
tained on a mere suggestion that it would be in the
interest of justice, or a surmise that it would be, if the
entire record conclusively shows the party who got the
judgment was legally entitled to it as the case stood
when it was rendered."

In the motion for a new trial one of the grounds
assigned is error in the action of the court in overrul-
ing the demurrer to the evidence of plaintiff, and the
action of the trial court can be and must be sustained
on that ground. There is an entire absence of any evi-
dence proving or even tending to prove that the defend-
ant was the owner and operating the car on which and
by the movement of which the accident is said to have
occurred, or that those to whom negligence is charged in
its operation were employees of defendant.

In Frisby v. St. Louis Transit Co., 214 Mo. 567, 113
S. W. 1059, our Supreme Court, answering the proposi-
tion that ownership may be shown by reasonable infer-
ences to be drawn by the jury from the facts and cir-

cumstances appearing in the record (Walsh v. Missouri
Pac. Ry. Co., 102 Mo. 582, 14 S. W. 873; 15 S. W. 757)
said (l. c. 571), that "the trouble with applying that
rule to the facts of this case is the total absence from
the record of all facts and circumstances from which
such inferences could be reasonably drawn."

Our court, in Reisenleiter v. United Railways Co..
155 Mo. App. 89, l. c. 93, 134 S. W. 11, citing Frisby v. St.
Louis Transit Co, supra, followed the rule there an-
nounced.  We there epitomized the rule laid down in
that case to be that the evidence must support the alle-
gations as to the ownership or operation of the car at
the time of the injury or else plaintiff must fail.

In Muehlebach Brewing Co. v. Dunham et al., Re-
ceivers, a case marked as not to be officially reported,
but published in 177 S. W. 1067, the Kansas City Court
of Appeals held (l. c. 1069) that the case would have to
be remanded "since there was no proof that the car
which did the damage was under the control of or be-
ing operated by the appellants.  Proof of this must ap-
pear or the judgment will not be allowed to stand. (Cit-
ing cases.)  This is not a 'bare technicality,' because,
if plaintiff is going to establish a case against another,
it is as necessary to prove that defendant did the injury
as it is to prove that the injury occurred."  The Kan-
sas City Court of Appeals further held in that case that
where the testimony was that the accident happened on
the "Argentine line," the court could not take judicial
notice that that belonged to the street railway system of
which the defendants were receivers.

We further said in Reisenleiter v. United Railways
Co., supra (l. c. 93), that the rule is, "that slight evi-
dence tending to support the inference that defendant
owns or operates the road will be sufficient, where it is
not combatted, and, except for the general denial, there
is no intimation that the defendant resists the claim on
the ground that it was not the operator."

Learned counsel for appellant contends here that
the fact that the claim agent of defendant went to see
plaintiff about her claim affords support to its conten-

tion that there was some evidence, although slight, of the fact of ownership and operation. We do not think so. It nowhere appears in the record when this visit was made, defendant claiming it at one date, plaintiff denying that date. Whether plaintiff had at the time made any claim against defendant, does not appear. Nor does it appear that this claim agent admitted that defendant was responsible or had operated the car, even assuming such admission would be binding on defendant, which we do not determine. At all events, we do not think that this is even a slight circumstance tending to prove either control or ownership.

Appellant has filed in our court affidavits of plaintiff and her counsel that the United Railways Company was the owner and operating the car at the time of the accident. We cannot consider these affidavits but must be governed solely by the record as brought up to us, setting out the evidence and proceedings that took place on the trial. Authorities from the United States courts are cited which are claimed to·justify and sanction the practice of helping out a jurisdictional question by affidavits. In Glasgow v. Metropolitan St. Ry. Co., 191 Mo. 347, 89 S. W. 915, it was attempted to help out, or, more properly, to correct, the bill of exceptions by affidavits filed in support of specifications in the motion for new trial. Our Supreme Court (1. c. 376) said in that case and of this matter: ''The matter complained of under this assignment is not before us in such form that we can pass judgment on it. It is not stated in the bill of exceptions that these remarks were made, the most that can be said of it is that the bill of exceptions contains affidavits tending to prove that the remarks were made. The only manner in which such a matter can be brought before this court for its judgment is by having the bill of exceptions to state that it occurred. . . . We only know what occurred at the trial by reading the statements in the bill of exceptions.''

We know of no case in this State in which it had been allowed to help out defects and omissions in the bill of exceptions, or omissions of testimony which

should have been introduced at the trial, by affidavits offered in the appellate court.

In State ex rel. Union Electric Light & Power Co. v. Reynolds, et al. Judges, etc. 256 Mo. 710, 165 S. W. 801, the Supreme Court, referring to the effect on the question of jurisdiction of filing affidavits in the appellate court to show jurisdiction, has said (l. c. 717): "It would be a dangerous practice to have jurisdiction shifted from one court to another on mere affidavit." Addison Tinsley Tobacco Co. v. Rombauer, 113 Mo. 435, l. c. 439, 20 S. W. 1076, is referred to as holding the same view. While these cases are not parallel to the one at bar, we think the principle there announced does apply here.

On the ground, therefore, as stated, that it does not anywhere appear in this record that the defendant company owned or operated the car upon which plaintiff is alleged to have sustained her hurt, we hold that the action of the trial judge in seting aside the verdict was proper. That is affirmed and the cause remanded for further proceedings. *Allen* and *Becker, JJ.,* concur.

