BAILEY v. KANSAS CITY, Appellant.

Division One, June 15, 1905.

1. NEGLIGENCE: Sidewalk: Repair After Accident: Admission of Evidence: Harmless Effect. In a suit against the city for personal injuries to a pedestrian on a sidewalk, alleged to be due to a defect in the sidewalk, evidence that a city shortly after the date of the injury exercised jurisdiction over the street by repairing and reconstructing the sidewalk at the place of the accident, is admissible only for the purpose of showing that the street was subject to the jurisdiction of the city and was recognized by it as a street; but where there is no such issue in the case, its admission will not be held to be harmless if the purpose for introducing it was to show that the city regarded the sidewalk at the time as being in need of repair, and hence defective.

2. **EVIDENCE: General Objection to Admission of.** The general objection of irrelevancy, etc., is well enough when the evidence is inadmissible for any purpose in the case.

3. **PRACTICE: Following Up Objection.** Where appellant has once squarely objected to the introduction of certain evidence, it is not necessary that he follow it up with repeated objections on the same point.

4. ———: ———: **Invited Error.** The participation in error by inviting it waives the right of subsequent complaint by the losing party on appeal. But that rule is not to be applied where the losing party does not invite the error, but yields under protest to the theory of the trial court, and thereafter tries to break the force of the error by introducing testimony of the same character as that which was admitted when offered by the opposite party and which was incompetent for all purposes.

5. ———: **Ordinance: Evidence.** Where the cause of action is not based on an ordinance it is not necessary that it be pleaded in order that it may be used in evidence.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*R. J. Ingraham* and *L. E. Durham* for appellant.

The court erred in permitting plaintiff, over defendant's objection, to introduce evidence showing that two or three days subsequent to the accident the defendant caused the walk to be torn away and replaced with a new one. Such evidence was extremely prejudicial and damaging to the defendant, in view of the fact that the strongly contested question in this case was as to the defendant's negligence in maintaining the walk. A refusal by the court to give defendant's instruction directing the jury not to consider such evidence in passing upon the question of defendant's negligence was reversible error. Alcorn v. Railroad, 108 Mo. 81; Brennan v. St. Lous, 92 Mo. 482; Mahaney v. Railroad, 108 Mo. 191; Mitchell v. Plattsburg, 33 Mo. App. 555; Bowles v. Kansas City, 51 Mo. 416; Corcoran v. Peekskill, 108 N. Y. 156; Getty v. Town of Hamlin, 127 N. Y. 636; Railroad v. Hawthorne, 144 U. S. 206; Elias v. City of Lancaster (Pa.), 13 Am. Neg. Rep. 213;

Sparf and Hansen v. U. S., 156 U. S. 56; Connor v. Black, 119 Mo. 135.

*Hardin & Taylor* for respondent.

(1) The court did not commit error in admitting evidence of repairs to the walk subsequent to the injury. Evidence of such repairs is admissible, "for the purpose of showing that the defect was one which the city was bound to repair." It is also admissible "to show an acceptance of the highway as previously dedicated." Brennan v. St. Louis, 92 Mo. 488; Meiners v. St. Louis, 130 Mo. 284; Baldwin v. Springfield, 141 Mo. 212; Mitchell v. Plattsburg, 33 Mo. App. 561; Bowles v. Kansas City, 51 Mo. App. 416; Woods v. Railroad, 51 Mo. App. 503. The fact that defendant admitted in a stipulation that it had sole control over the walk did not render incompetent the evidence of its acts in exercising such control. Nor did such admission bar plaintiff's right to prove the fact so admitted. The evidence was also admissible for the purpose of showing the condition of the walk on the day of the injury. "Evidence of the condition of the sidewalk before or after the accident, within such reasonable time as to justify the inference that it was in such condition at the time of the accident, was admissible." Norton v. Kramer, 79 S. W. 699; O'Neill v. Kansas City, 178 Mo. 91. (2) But defendant is in no position here to complain, as it offered evidence to prove the same fact as to subsequent repairs. And defendant will not be heard here to complain of an alleged error in which it joined. If appellant is correct in its contention that "the evidence of reconstruction was not admissible for any purpose," then it was very reprehensible in appellant to introduce such evidence; and having itself led the court into what it is now pleased to call an error, it will not be heard to squeal on account of the result of its own reprehensible conduct. Lohman v. Stocke,

94 Mo. 677; Reilly v. Railroad, 94 Mo. 611; Christian v. Ins. Co., 143 Mo. 467; Davis v. Brown, 67 Mo. 313; Noble v. Blount, 77 Mo. 235; McGonigle v. Dougherty, 71 Mo. 259; Smith v. Culligan, 74 Mo. 387; Bank v. Armstrong, 92 Mo. 265; Berry v. Railroad, 124 Mo. 282; Bank v. Cushman, 66 Mo. App. 102; Wilson v. Gibson, 63 Mo. App. 656; Herman v. Owen, 42 Mo. App. 388; Herman v. Railroad, 77 Mo. App. 381; State v. Dettmer, 124 Mo. 433; State v. Mounce, 106 Mo. 227. "The defendant waived all right of objection to the evidence by introducing the same character of evidence in its defense." Ruth v. Railroad, 98 Mo. App. 19. (3) But most of the testimony now in question was admitted without any objection by defendant; and the remainder of it was met by only an attempt to object, or what appellant is pleased to call a "general objection," which this court has repeatedly held is no objection at all, when the evidence is admissible for any purpose. Rice v. Waddill, 168 Mo. 99; Lumber Co. v. Rogers, 145 Mo. 445; Stark v. Knapp & Co., 160 Mo. 529; State v. Wright, 134 Mo. 418; Fullerton v. Carpenter, 97 Mo. App. 197; Ruth v. Railroad, 98 Mo. App. 19.

LAMM, J.—Suit for personal injuries based on alleged negligence of appellant in permitting a defective sidewalk along one of its public streets. Judgment, March 3, 1903, for $6,300, from which appellant in due form appeals.

Mrs. Bailey, a widow of 58 years of age, on the tenth day of January, 1898, was walking north at 4 p. m. on the east side of Vine, close to Twelfth street, in company with a Mrs. Ramp, in Kansas City, on a sidewalk built of pine planks athwart pine stringers. Mrs. Bailey was carrying home sundry purchases, to-wit, a quart of milk, some "cottosuet" and wrapped up parcels of "brick mush," meat and cigarettes, and these ladies were discoursing with animation and, possibly, absorbingly on the boyish use of cigarettes.

Her theory of the accident is that Mrs. Ramp stepped upon a loose sidewalk-board which, tilting, tripped respondent, who fell prone and heavily to the sidewalk. Appellant's theory is that the sidewalk was in good condition, but that Mrs. Bailey was subject to "fainting spells," and her fall originated in such malady. Whichsoever theory be true, respondent's violent fall is undisputed, and, while the extent and character of her resulting injuries are sharply disputed, yet that she was hurt is beyond cavil or doubt. She weighed 215 pounds. She was off her guard, and at her age with such a fall the thing somewhat comes within the maxim *res ipsa loquitur.*

Her case was tried once in Kansas City, resulting in a verdict for $1,500, which was set aside on motion of defendant. It was tried again, resulting in a verdict for defendant, which was set aside on her motion. It was tried the third time, on a change of venue to Clay county, on a fourth amended petition which alleged, *inter alia,* that Vine street was a public thoroughfare in Kansas City; that said city caused a wooden sidewalk to be laid along the same; that on the tenth day of January, 1898, and a long time prior thereto, said sidewalk was and had been defective and unsafe; that certain boards in said sidewalk at a given point were, and for a long time had been, loose and detached from the stringers; that said stringers were rotten and had been permitted to remain so for a long time through defendant's negligence, which defects in the sidewalk defendant knew or by the exercise of proper care might have known; that while walking with due care on said sidewalk with Mrs. Ramp, she, Mrs. Ramp, stepped upon the end of a board, loose as aforesaid, which flew up, tripping and throwing plaintiff to said sidewalk with violence, whereby her right hip was strained, wrenched, dislocated and permanently injured; her right knee bruised, strained and injured; her spine, right side and shoulder and right leg severely injured,

permanently crippling her; for all of which, as well as for certain medicinal and surgical outlays, nurse and servant hire, she prays $10,000 damages.

The answer was a general denial, coupled with a plea of contributory negligence.

Respondent introduced a mass of evidence tending to prove all the allegations of her petition. On the other hand, appellant introduced a mass of testimony tending to show that the sidewalk was in a reasonably good condition, that no loose boards, rotten stringers or other defects existed at the place she fell, and evidence, in addition, that her injuries were grossly colored for speculative ends.

In this condition of things respondent was permitted to introduce sections 832, 833, 834, 835, 836, 840, 841, 842, 843 and 844 of a certain ordinance of appellant city relating to the duties of its street commissioner. Section 832 being directed to the duty of the owner or occupant of a house to not permit sidewalks in front of or along his premises, to be or remain out of repair, etc.; section 834 provides that the city engineer shall notify such owner to make needed repairs, etc.; section 835 provides for a second notice if said repairs be not made within the time limited in the former notice; section 836 provides that if the sidewalk requires immediate repairs, the city engineer may order them made by the city contractor; section 840 provides that the board of public works is authorized to let contracts for the reconstruction and repairing of sidewalks to a city contractor, etc.; section 841 provides a scheme for carrying into effect section 840; section 842 provides a scheme for special taxbills for sidewalk repairs; section 843 provides for the inspection of sidewalks; and section 844 provides for the method of issuing taxbills for repairs, the apportionment, computation, etc., of the cost, together with the terms of the bills. This ordinance was objected to "because not pleaded in plain-

tiff's petition," which objection was overruled and exception saved.

. A stipulation was then introduced by respondent, the pertinent part of which is as follows:

"It is hereby stipulated by and between the parties to the above entitled cause that the following facts shall be taken as true on the trial of said cause: that Vine street and the sidewalk on the east side thereof from Twelfth street north to Eleventh street, all in Kansas City, was on the tenth day of January, 1898, and for a long time prior thereto, a public street and thoroughfare and in full possession and control of the defendant, Kansas City."

After the introduction of said stipulation, respondent was allowed to show from the city engineer's records, that, on January 13, 1898, three days after the accident, notice was sent by the city to an abutting property-owner requiring the repair of the sidewalk in question at the place in question. To the introduction of this evidence appellant objected on the ground "that it showed that the repairs were made subsequent to the day of the injury." Whereupon respondent's counsel said, "We offer it for the purpose of showing that the city regarded it as a sidewalk and at that time needed repairs." Thereupon the objection was overruled and exceptions saved.

Following said evidence respondent was permitted to prove over the general objection of appellant that presently after the injury to Mrs. Bailey, the city repaired or reconstructed the sidewalk at the place of the accident.

At the close of the case appellant asked the court to give the following instruction, No. 18: "The court instructs the jury that the fact that the sidewalk on the east side of Vine street, where plaintiff claims to have been injured, was torn up or reconstructed on or about the twelfth day of January, 1898, is not to be considered as evidence that the defendant was negligent in

the maintenance or inspection of said sidewalk, prior to or on the tenth day of January, 1898," which instruction was refused and appellant excepted.

A close reading of the record persuades us that the introduction of the foregoing evidence and the refusal of the above instruction, present the decisive questions in the case.

I. Evidence that a city presently after the date of an injury exercised jurisdiction over the street by repairing or reconstructing a sidewalk at the *locus in quo*, is permitted only for the purpose of showing that the street was subject to the jurisdiction of the city and was recognized as a street. Evidently such evidence, for such purpose, would not be proper were there no such issue in the case. So, here, if appellant city had stood on its general denial (improvidently made where the existence of a public thoroughfare is to be conceded), such issue might have been in the case, but the city did not stand on its general denial, such general denial was modified by the solemn admission in the stipulation introduced by respondent, to the effect that Vine street, including the sidewalk where the accident happened, was a public street and under control of defendant. So that, evidence of subsequent repairs and reconstruction, and evidence tending to show that the city through its proper officers had ordered such repairs and reconstruction subsequent to the accident, could not have been directed to an issue of street or no street, of jurisdiction or no jurisdiction over the same, for no such issue remained. To the contrary the object to be attained by introducing this character of testimony was frankly avowed by respondent's learned counsel when the objection was first made, to-wit, that it was offered to show that the city regarded it as a sidewalk which at the time needed repair. This evidence, then, was directed to proof of sidewalk defects actually admitted by the city. If it was directed to and allowed to be effective for this purpose, it would only

remain necessary for respondent to take the further steps showing (1) that the city prior to the injury knew or by the exercise of due care might reasonably have known of the existence of the defects it thus admitted, (2) that respondent was exercising due care at the time and (3) that a fall occurred resulting in injury.

The trial court admitted the evidence on the aforesaid suggestion of respondent and apparently on the reasoning so advanced and in sympathy with respondent's purpose. Under these circumstances, if there had been no substantial affirmative evidence showing the sidewalk in good condition, or if the evidence showing its bad condition had not been controverted, then a question might confront us whether the introduction of proof of the character now under consideration could or would affect the result in any way. In such case the error, if any, might be harmless, and fall within the mischief struck at by the statute, Revised Statutes 1899, section 865. But in the case at bar, where the evidence abounds pro and con on the controverted question of the existence of defects and its weight may be said to hang balanced in the scales, it can not be allowed that the admission of such evidence, if error at all, is not reversible error. That it is reversible error under such circumstances is the doctrine of this court. [Brennan v. St. Louis, 92 Mo. l. c. 488; Alcorn v. Railroad, 108 Mo. l. c. 90 et seq.] And of the Supreme Court of the United States. [Railroad v. Hawthorne, 144 U. S. 202.]

In the latter case Justice GRAY formulated the underlying reasons for the rule in a logically faultless and luminous way, thus: "Upon this question there has been some difference of opinion in the courts of the several States. But it is now settled, upon much consideration, by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as

an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant.''

It goes without saying that the rule under discussion is not to be construed as limiting the evidence tending to show actionable defects to the precise moment of the accident nor to prior time. If defects are of such character, as for example, a decayed condition of stringers or of boards, the rusting off of nails, or the rotting out of nail holes, and the consequent loosening of boards, as to show that the condition was the gradual and joint product of time and neglect, proof of that condition subsequent to the accident but so near thereto as to indicate that the same condition existed at the time of the accident, is admissible, and such condition might be discovered when a sidewalk was upset or torn to pieces subsequent to an accident. But the fact of subsequent repairs, as such, and reconstruction, as such, and notice to make repairs, are not admissible and should be rigorously excluded.

But it is contended by respondent that the objections of appellant to the introduction of this evidence were mere general objections, had no significance and should not be allowed any efficacy. It is true general objections in some instances have been held to amount to nothing, but an exception exists to the rule. If the evidence objected to is not competent for any purpose in the case, a specific objection has no office, and the general objection of irrelevancy, immateriality, etc., will do. Not only so, but in this case the specific objection was made at the very opening of the door to this class of testimony, that it related to a time subsequent to the injury, which was well enough from any point of view.

It is further contended by respondent, in effect, that appellant did not follow up its objections, but went

to sleep, as it were, and finally allowed this character of evidence to be introduced without objection. But a sufficient answer to this contention is, that when an objection has once squarely been made, as here, to a class of evidential facts, which objection has once been disallowed by the trial court, the persisting in a running fire of the same objections to the same precise evidence, may become indecorous and disrespectful, and it has never yet been held that the rules of decorum and politeness may not be usefully applied in the court room to the weighty matters of the law, as elsewhere, or that a party loses his legal rights unless he commits a breach of such rules by persisting in objections after the trial judge has once plainly indicated his adverse ruling and his reasons therefor.

It is further suggested by respondent that appellant can not take advantage of said error, because, after the introduction of the evidence complained of, it proceeded on its own account to introduce evidence of the subsequent repairs and reconstruction of the sidewalk. Of this suggestion suffice it to say that the participation in error by inviting it waives the right of subsequent complaint by the losing party on appeal. But the reason of the rule ought not to permit its application to a case where the losing party, as here, does not invite the error, but yields under protest to the theory of the trial court and thereafter tries, as best he may, to ameliorate his plight by administering an antidote to the poison already injected in the case, to see if, peradventure, he may not be able to render it innocuous.

Supplementing its error in admitting this character of testimony, the trial court refused instruction No. 18 prayed by appellant, limiting the effect of such testimony. By refusing this instruction the original error was ratified and intensified.

The lodgment of this testimony in this case, as happily suggested by appellant's counsel, placed a

stinging whip in the hands of respondent with which to lash appellant at every turn throughout the trial; for with what good grace could appellant insist that the sidewalk was in good condition, when the court had admitted evidence of subsequent repairs and reconstruction based on the theory that by such repairs and such reconstruction the city had *admitted* the defects in the walk, which admission it now sought to whittle away by contending they did not exist?

II.    Appellant objected to the introduction of sections 832 to 844 inclusive of its ordinance relating to duties of its street commissioner. The specific objection made, as said, was that the ordinance was not pleaded.

If a cause of action is based directly on a violation of a duty imposed alone by a municipal ordinance, the pleading should set forth the specific ordinance in hand because courts will not take judicial notice of its existence. [City of Tarkio v. Loyd, 179 Mo. l. c. 605; Inhabitants of Butler v. Robinson, 75 Mo. 192.] But if an ordinance of a city is used as a mere matter of evidence, no good reason is perceived why it should be pleaded; for to plead evidential facts is bad, and, on principle, the rule applies to ordinances. [Robertson v. Railroad, 84 Mo. l. c. 121; Danker v. Goodwin Mfg. Co., 102 Mo. App. l. c. 731.] Now, the case under the 4th amended petition is not based on the violation of a municipal ordinance, but is based on the violation of a duty imposed by general law. Therefore the objection in the form made was properly overruled.

As the case is to be tried anew, it seems proper to state that this ordinance in our opinion is not pertinent to any issue presented on the present pleadings and its introduction in evidence, in whole or part, may possibly tend to confuse and mislead the jury and inject error into the trial.

Other criticisms are leveled at instructions but, read together and as a whole, the instructions seem well enough; and, otherwise than above stated, the cause appears to have been well tried.

Reversed and remanded.

All concur, except *Marshall, J.,* not sitting.