WOODS, Respondent, v. CITY OF POPLAR BLUFF, Appellant

St. Louis Court of Appeals, March 9, 1909.

EVIDENCE: Municipal Corporations: Defective Sidewalk. In an action against a city for damages on account of personal injuries received by the plaintiff in falling on a sidewalk out of repair, it was improper to permit the introduction of evidence to show that the street commissioner of the city repaired the sidewalk after the accident.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard, Judge.*

REVERSED AND REMANDED.

*Sam M. Phillips,* City Counsellor, for appellant; *David W. Hill* of counsel.

The court erred in admitting evidence of the repair of the sidewalk made subsequent to plaintiff's injury. Bailey v. Kansas City, 189 Mo. 503; McKelvey on Evidence, p. 136; Miller v. Canton, 123 Mo. App. 325; Ely v. Railroad, 77 Mo. 34; 16 Am. and Eng. Ency. Law, p. 457.

*Ed. L. Abington* for respondent.

Evidences of subsequent repairs made by the city was admissible for the purpose of showing the defect was such that the city should repair after becoming aware of its existence, or after sufficient time had elapsed for it to have become informed. Bowles v. Kansas City, 51 Mo. App. 416; Mitchell v. Plattsburg, 33 Mo. App. 555; Rusher v. Aurora, 71 Mo. App. 424; Brennan v. St. Louis, 92 Mo. 482; Woods v. Railroad, 51 Mo. App. 503; Tetrick v. Kansas City, 128 Mo. App. 357, Schloemer v. Transit Co., 204 Mo. 117.

GOODE, J.—This case is for injuries received by respondent in falling on a sidewalk in bad repair. Her judgment will have to be reversed because the court permitted the street commissioner to testify he repaired the sidewalk after the accident. This testimony was objected to and there was no necessity to receive it in order to prove the sidewalk was a public one which it was the duty of the city to repair; for this was admitted. Neither did it come into the evidence incidentally in proving some other material fact. The direct question was propounded to the witness whether, as street commissioner, he had repaired the walk and he was allowed to answer. The ruling was erroneous. There was evidence for defendant the walk was in a reasonably safe condition, and this issue was in contest. The admission of the incompetent evidence regarding

subsequent repairs was therefore prejudicial. [Bailey
v. Kansas City, 189 Mo. 503; Miller v. Canton, 123 Mo.
App. 325.]

The judgment is reversed and the cause remanded.
All concur.