FRANK SEITZ, Respondent, v. PELLIGREEN CON-
    STRUCTION & INVESTMENT COMPANY, a cor-
    poration, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 4, 1918.
Opinion Filed May 7, 1918.

1. **PLEADING: Aider by Judgment: Statute.** In an action for personal injuries to an employee struck by an object falling from a building in the course of construction, the petition averring common-law negligence in failing to provide a safe place to work, in the absence of a motion to make more specific, was sufficient after judgment, although it did not aver violation of a building ordinance requiring temporary floors, in view of Rev. St. of Mo. 1909, section 7843, providing that all persons engaged in the erection, repairing, or taking down of any kind of building shall exercise due caution and care so as to prevent injury or accident to those at work or nearby, since the ordinance requiring temporary floors is but a particularization of the statute.

2. ———: **Negligence: Evidence: Admission of Ordinance.** Even though in such case there is no common-law rule providing for the putting in of floors as the work progresses, nevertheless, where an injury results from the failure to put in floors and the statute or ordinance requires them, the omission goes to the establishment of negligence and the ordinance, doing no more than making special, specific provisions, was not improperly admitted, although not pleaded, as tending to show negligence, and while it is true that when a party alleges specific acts of negligence, he is held to

the proof of those acts, that is very far from holding that when a party alleges negligence, generally, he cannot prove specific acts.

3. MASTER AND SERVANT: Injuries to Servant: Conflicting Evidence: Question for the Jury. In such action, a peremptory instruction for defendant was properly refused, where the testimony, though conflicting, contained substantial evidence entitling plaintiff to go to the jury.

4. TRIAL PRACTICE: Appellate Practice: Objections in Trial Court: Motion for New Trial: Sufficiency: Instructions. Where the only attacks in the motion for a new trial, made upon the action of the court on instructions, which is to the action of the court "in giving instructions to the jury as asked by plaintiff, duly objected to by defendant," and "in refusing proper declarations of law asked by defendant," the appellate court might decline to consider these assignments of error because of the language of the motion for new trial.

5. MASTER AND SERVANT: Injuries to Servant: Instructions. In an employee's action for personal injuries due to being struck by an object falling from a building in the course of construction, because of the absence of temporary flooring, an instruction that if, while plaintiff was working on the third floor of the building a piece of building material or other substance fell from some floor, or location above, and struck plaintiff, by reason whereof plaintiff was knocked, or fell, from the third floor of said building to the first floor thereof, and was injured; and that at and immediately preceding, plaintiff's injuries, if any, the defendant failed to exercise ordinary care to have the joists or girders on each floor of said building above the second floor covered with scaffold boards or other suitable material, as the building progressed, so as to sufficiently protect workmen; that is, to make it reasonably safe for workmen and for the plaintiff from falling through such joists or girders of said building and to protect workmen, or make it reasonably safe for workmen, or plaintiff, who might be under or below the floors of said building from falling bricks, or other substances; and that such failure on defendant's part to have the joists or girders of each floor above the second floor of said building covered with scaffold boards or other suitable material to make it reasonably safe for workmen, or plaintiff, as the building progresses, was negligence, etc., was correct.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. George H. Shields,* Judge.

AFFIRMED.

*R. J. Balch* and *Jno. P. McCammon* for appellant.

(1) The allegations of the petition were insufficient to admit evidence of statutory or ordinance violation. There is no act of the defendant pleaded, only (Abs., pp. 1, 2 and 3) that the defendant was in charge of the erection of a building and in exclusive control of all parts of it, and on which plaintiff was employed. All the circumstances essential to support the action must be alleged, or in substance appear on the face of the declaration (citing authorities). Kennayde v. Railroad, 45 Mo. 255; Reynolds v. Railway Co., 85 Mo. 90. There is no rule of the common law requiring dangerous machinery to be fenced or guarded, and the master is not answerable if a servant of full capacity is injured in consequence of working about unguarded machines. Bair v. Hebel, 103 Mo. App. 632, and cases cited. Neither is there a rule of the common law requiring any floor of a building to be covered over as the building progresses. The petition in the last case was held good only because one specification of negligence "sufficiently states a cause of action based on appellant's failure to comply with its (the act's) requirements," either expressly or by implication. Hogan v. Railway Co., 150 Mo. 48, 49; Lore v. Mfg. Co., 160 Mo. 608; Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108. So strict is the law in the admission of evidence in such cases that where one breach of a statute is pleaded as the negligence relied on for recovery, the plaintiff cannot prove nor recover upon another and different breach of the same section. Huss v. Heydt Bakery Co., 108 S. W. 63, 210 Mo. 44; McClure v. Feldman, 184 Mo. 710, 84 S. W. 16; Chitty v. Railway Co., 148 Mo. 64, 74; Bromley v. Lumber Co., 127 Mo. App. 151, 104 S. W. 1134; Casey v. Transit Co., 103 S. W. 1146, 205 Mo. 721; King v. Ry. Co., 109 S. W. 859, 130 Mo. App. 368. The same ruling, for the same reason, on similar pleading of the ordinance, was made in Gratiot v. Railway Co., 116 Mo. 450.

(2)   The court erred in admitting in evidence the ordinance.   The case referred to by the trial court in the 116 Appeals, as authority for the admission of the ordinance, evidently is that of Mulderig v. Railroad Co. et al., 116 Mo. App. 655.   But the law had not, before the passage of the ordinance here, made it negligence to fail to ''lay scaffold boards over the joists and girders of a building as it progressed.'' It therefore required an ordinance before such failure could become negligence, and such negligence would not be common-law negligence, but statutory or ordinance negligence.   If authority be needed to support this seemingly self-evident proposition, we have it in the opinion of the Supreme Court, speaking through Judge LAMM in Lohmeyer v. Cordage Co., 113 S. W. 1108, 214 Mo. 685.   That action was grounded on a violation of a section of the Factory Act, requiring cogwheels and gearing to be uncovered and unguarded.   The facts showing a violation of the act were pleaded.   The court said: ''Her (plaintiff's) case is confessedly based on that statute, for at common law an employer owed no duty to his employee to fence his machinery.''   This court also has so held in case of Bair v. Heibel, 103 Mo. App. 621, saying: ''It seems there is no rule of the common law requiring dangerous machinery to be fenced or guarded and that the master is not answerable if a servant of full capacity is injured in consequence of working about unguarded machines,'' citing numerous authorities and including therein Lore v. Mfg. Co., 160 Mo. 608., ''As between master and servant the master is not required to furnish the best and safest known appliances. . . . So with respect to its common-law duty to the public, it is not whether there are known appliances which the defendant did not use, but whether the appliances it does use are such as a person of ordinary prudence would have used which determines its negligence.   There was therefore no error in the ruling of the court sustaining the motion to strike out

this allegation in the petition." Hogan v. Railway Co., 150 Mo. 48 and 49: "It is not the duty of the master to furnish any particular kind of tools, implements or appliances. His duty in this respect is to use ordinary care and deligence in selecting and furnishing safe and suitable tools ad implements." Bohm v. Railway Co., 106 Mo. 433; Sutherland v. Lbr. Co., 130 S. W., 41, 149 Mo. App. 338; Shimers v. Mullins, 117 S. W. 91, 136 Mo. App. 298; Wilkinson v. Bottling Co., 136 S. W. 720, 154 Mo. App. 563. In Danker v. Mfg. Co., 102 Mo. App. 723, the court said: "The city ordinances referred to in the statement were improperly admitted as evidence and were of prejudicial influence, as a violation of them was not counted on in the petition as a cause of action." (3) Evidence violation of the ordinance was improper. (4) Plaintiff's Instruction No. 1 did not declare the law. The negligence declared on, and the theory of plaintiff at the trial conforming thereto, was common-law negligence. (5) Defendant's Instruction "E" properly declared the law in an action for common-law negligence. Under the authorities heretofore cited herein under points 2 and 3, it is clear that there was no duty at common law on defendant to lay floors or cover with scaffold boards the joists or girders of any floor as the building progressed, its duty being simply "to exercise ordinary care to provide reasonably safe tools and appliances for, and to make reasonably safe" the place of plaintiff. (6) This case must be tried in appellate court on the same theory as that on which it was tried below. Franklin v. School Dist., 197 S. W. 345; Huss v. Bakery Co., 210 Mo. 52, 108 S. W. 63; St. Louis v. Wright Con. Co., 210 Mo. 491, 109 S. W. 6, and authorities cited.

*Claud D. Hall* for respondent.

(1) It was proper to show under the petition that the defendant did not cover the joists or girders of the building on which plaintiff was working. (a)

The plaintiff could prove any facts or circumstances which fairly tended to establish the negligence of the primary fact (the falling material and plaintiff being struck and falling) complained of. Fisher v. Golladay, 38 Mo. App. 531, 537. (b) It was the defendant's duty to cover the joists and girders with scaffold boards or other suitable material to make it reasonably safe for plaintiff. LaBatt on Master and Servant, sec. 999 (p. 2675) and see cases under section 924 LaBatt pp. 24, 72-3-4; Section 7843, R. S. 1909; Pierson v. Gohr, 126 Maryland, 395; American Window Glass Co. v. Noe, 158 Fed. 777, 780. (c) Under a general allegation of negligence plaintiff may properly offer evidence tending to show specific acts of negligence. Wolven v. Springfield Traction Company, 143 Mo. App. 643; Hall v. Wabash, 165 Mo. App. 115; Hales v. Raines, 162 Mo. App. 46; Fields v. Levier, 184 Mo. App. 685. (d) Defendant did not raise the question of variance, by filing an affidavit as required by section 1846, R. S. 1909. See also; Holland v. Metropolitan St. Ry. Co., 157 Mo. App. 476; Waldhier v. Railway Co., 71 Mo. 514-516; Fisher v. Realty Co., 159 Mo. 562; Harrison v. Lakeman, 189 Mo. 589; Scalpino v. Smith, 154 Mo. App. 524. (2) The court did not err in admitting the ordinance in evidence. (Mulderig v. Railroad, 116 Mo. App. 655, 665; Bailey v. Kansas City, 189 Mo. 503, 514; Bragg v. Met. St. Ry., 192 Mo. 331, 350; Robertson v. Railroad, 84 Mo. 119, 121; McKee v. Peters, 142 Mo. App. 286, 288; Shell v. Railroad, 132 Mo. App. 528, 535; Welsch v. Railroad, 26 Mo. App. 358, 365; Becker v. Schutte, 85 Mo. App. 57; Marshall v. United Railways Co., 184 S. W. 159; Brannock v. Elmore, 114 Mo. 55, 59; Fergus Lane v. Atlantic Works, 111 Mass. 136; Briggs v. Railroad, 72 N. Y. 26; Meek v. Railroad, 38 Ohio 632; Devlin v. Gallagher, 6 Daly's Reports 494; Bain v. Light and T. Co., 116 Ark. 125; McGrath v. Railroad, 63 N. Y. 522; Knupple v. Knickerbocker Ice Co., 84 N. Y. Sup. 488; Oddie v. Mendenhall, 84 Minn. 58; Jones v. Co-opera-

tive Association, 109 Me. 448; Scott v. Dow, 162 Mich 637; Lichtman v. Rose, 110 N. Y. Supp. 935; Henderson v. Durham Traction Co., 132 N. C. 779; Connor v. Electric Traction Co., 173 Pa. 602; Harrison v. Sutter St. Ry. Co., 116 Cal. 165; Stevens v. Boston Elevated Ry. Co., 184 Mass. 476; Orr. v. Baltimore & Ohio R. Co., 153 N. Y. 920, 168, App. Div. 548. (3) Evidence of a violation of the ordinance was proper. Same authorities as under point 2. Gordon v. Roberts, 30 California App. 76; Orr v. Railroad, 153 N. Y. 920, 168 App. Dw. 548; Fane v. Phila. Rapid Transit Co., 228 Pa. 471, and cases cited, l. c. 474; Grand Trunk Company v. Ives, 144 U. S. 408. (4) Plaintiff's Instruction No. 1 which submitted question of whether defendant was negligent in failing to have the joists and girders covered was proper because it submitted the negligence shown at the trial. (a) The defendant's motion for a new trial does not contain a sufficient ground upon which an assignment or error as to this instruction can be based. The fifth ground of the motion for a new trial (Abs., p. 82) is too general and it does not state the instruction is erroneous. Revised Statutes of Missouri, sec. 1841-1909; State v. Norman and David, 159 Mo. 531; Cook v. Clary, 48 Mo. App. 166. (b) But the instruction was proper under the specific negligence proven. See all authorities under Part 1, a and b. Yoder v. Wolff, 190 Mo. App. 48; Hales v. Raines, 162 Mo. App. 46, 58; Mulderig v. Railway, 116 Mo. App. 655; Fields v. Siever, 184 Mo. App. 685; Nagel v. Railroad, 169 Mo. 289; Beave v. Transit Co., 211 Mo. 331; Hall v. Wabash, 165 Mo. App. 115. (5) Defendant's Instruction E was properly refused. (a) It erroneously told the jury that it was not the duty of the defendant to lay floors over part of building designed for use as elevator shaft, although the failure to do so, rendered plaintiff's place of work unsafe. (b) It was erroneous because it assumed plaintiff was working in a space designed for the elevator shaft, while plaintiff testified there was no shaft there—only the place where the shaft

would be later constructed, and plaintiff testified he was not in said shaft hole. (6) Defendant's Instruction F. was properly refused. (a) Because it told the jury that the ordinance introduced in evidence did not require any floors where elevators were designed to be placed or operated, although the ordinance itself makes no exceptions as to openings left for the elevator shaft. (b) Because the instructaions assumed that plaintiff was working in the elevator shaft opening when injured, although plaintiff testified he was outside of the opening that would later be the elevator shaft.

REYNOLDS, P. J.—Action for damages alleged to have been sustained by plaintiff while in the employ of the defendant.

The petition alleges that defendant was in charge, and in the exclusive control of the erection of a building on Fourth near Vine street, in the city of St. Louis, and that on or about November 30, 1917, while plaintiff was in the employ of defendant, and doing carpenter work on the third floor of the building, plaintiff was ''by reason of the negligence of the defendant, struck by a piece of building, or other, material, with great force and violence, which fell from a floor above the third floor on which plaintiff was working, by reason whereof, and by reason of the negligence of the defendant, the plaintiff fell with great force and violence a distance of about forty feet, from the third floor of said building and to the first floor of said building, and that by reason of being struck as aforesaid, and by reason of falling said distance as aforesaid, which was due to the negligence of the defendant, as aforesaid, plaintiff received the following injuries'' (describing them), and alleging that he was permanently injured.

The answer was a general denial.

The trial was before the court and a jury, followed by a verdict and judgment for plaintiff in the sum of $5000. Filing a motion for new trial as also in arrest,

and excepting to the overruling of each of these, defendant has duly appealed.

The plaintiff in this case was instructed by his foreman to go on the third floor of the building and take some measurements, and while standing on a girder, using a plumb line to get some timbers straight, he was struck on the head by a piece of falling building material, which plaintiff thought was a board two and a half feet long. He became unconscious and fell from the third floor a distance of about thirty feet, and received the injuries complained of. The building in question was what is known as a slow combustion building, with its interior frame work made both of steel and wood, that is its joists and girders were steel and wood and with columns about fifteen feet apart. The building when completed was to be seven stories high, its exterior walls of brick but at the time of the accident the brick work had only been completed to the fourth floor and the brick masons and hod carriers were working on that floor at the time plaintiff was injured. The girders of the building were laid about sixteen feet apart and joists were laid in between the girders, about four feet apart, on the respective floors. There was an engine and hoists at the rear or east end of the building, on the first floor, used for conveying material up through the building, and on the second floor there were some boards over the engine to protect the engineer below. There was an open space along the north wall of the building, about fifty-one feet from the front, left open to be used as an elevator shaft but not inclosed or caged in, and the plaintiff was standing south of this when he was struck, this shaft, or space designed for a shaft, being in the same condition as the rest of the floors; that is, according to the testimony for plaintiff, all open and uncovered, except as to the cover for the engine on the second floor, and scaffold boards on the fourth floor, which, according to the testimony on behalf of plaintiff, covered only about one-fourth of the space of the fourth floor, or so much only as was needed for the brick layers to put their

scaffolds and materials on in the prosecution of the brick work. There also appears to have been runways to run a wheelbarrow over, from one part of these floors to the other when the brick layers were at work. According to the testimony for plaintiff, there had been no permanent floors and no temporary floors laid on either of the floors above, and that evidence tended to show that it was customary in buildings of this kind to either lay a thick permanent floor on each floor as the building progressed, and then lay a thin finished floor over it when the building was nearing completion, or to lay a temporary floor on the respective floors as the building progressed, for the protection of workmen. Neither of these plans, however, according to the testimony for plaintiff, were here pursued. That evidence tended to show that in a building of this kind—a slow combustion building—as it is called, it is not practical to lay the permanent, heavy floor as the building goes up from floor to floor, as often times it would get wet and expand. There was also evidence that there was some temporary flooring laid on the joists and girders outside of the covering over the engine on the second floor, and also the scaffold boards on the fourth floor used by brick layers, which, when they were used by the brick layers on a floor, were removed from that floor and taken to the next floor above, on which they would place their trestles and materials.

Plaintiff testified postively that on the third, fourth, or fifth floors there was no temporary flooring between the girders, except a plank run, over which to run wheelbarrows, usually three of such runs, one through the center, the others on the sides; nothing else in the rest of the space between the girders, except joists about sixteen feet apart, and eight by fourteen inches, the girders about fourteen inches square, the space between the joists about four feet, two joists between each girder. Plaintiff testified that under the direction of his immediate foreman, he was on the third floor using a plumb line, hanging down over the floor above to get measurements for timbers on which he was working;

that he was in a stooping position, measuring, when something came down from above and hit him on the back of the head. It was a piece of wood, he thought, about two feet long. It knocked him unconscious and off of the girder. Plaintiff was sure that the object which struck him came from the fourth or fifth floor.

On cross-examination plaintiff repeated that he was positive that when he was hurt the brick layers were at work on the west and north walls of the floor above; that there was no covering over the whole of this floor; that he was not sure what hit him; would not say that that made him unconscious at once but was unconscious when he fell, and did not know whether he became so when he was hit or when he hit the first floor; knew he had become so when he hit the first floor, or between, and was so when he struck the first floor; was sure that the thing that hit him came from above; saw it before he became unconscious; thinks it was a plank a couple of feet long; had had on a heavy woolen cap and the thing which struck him left no scar, just a sore spot.

There was some corroborative evidence of plaintiff's testimony, and from even his own witnesses, and from all of defendant's witnesses, contradictory testimony as to the fact of the floors being covered.

All this testimony as to the covering of the upper floors was objected to by the defendant throughout the whole trial as a matter not covered by the petition, and objection was specifically made on that ground when plaintiff offered and introduced the city ordinance, section 406, Rombauer's Revised Ordinances of the City of St. Louis 1912, p. 608. That section reads as follows:

"It shall be the duty of the person or persons having charge of the construction of any building hereafter erected, to have joists or girders of each floor above the second floor covered with scaffold boards or other suitable material as the building progresses, so as to sufficiently protect the workmen, either from falling through such joists or girders, or to protect the

workmen or others who may be under or below each floor from falling bricks, tools or other substances, whereby accidents happen, injuries occur, and life and limb are endangered.''

The assignments of error made by the learned counsel for appellant are, first, in admitting testimony as to a cause of action different from that alleged in plaintiff's petition; second, that in this action, based upon common-law negligence, in permitting plaintiff to introduce testimony tending to show negligence under an ordinance not pleaded nor referred to in the petition, not in issue in the case, and which evidence tends in nowise nor manner to prove common-law negligence, and in permitting plaintiff to recover upon such cause of action without a scintilla of proof of common law negligence; third, in admitting testimony tending to show that the defendant had not covered with scaffold boards each floor above the second floor of the building under construction at the time of plaintiff's injury; and, fourth, in admitting in evidence the ordinance which was the sole basis of plaintiff's right of action.

These four assignments are practically on the same point.

When the taking of testimony was commenced, learned counsel for appellant objected to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute any cause of action and did not allege any acts which constitute negligence. This was overruled, plaintiff excepting. We think that objection was properly overruled. A motion to make the petition more specific as to the negligence relied on, might have been proper, but no such motion was made, and after judgment, as here, we think the petition is sufficient.

Section 7843, Revised Statutes 1909, provides:

''All persons engaged in the erection, repairing or taking down of any kind of building shall exercise due caution and care so as prevent injury or accident to those at work or nearby.''

The city ordinance referred to, and which we have quoted, is but a particularzation of this part of the section. In point of fact, this presents a case of negligence in failing to provide a safe place to work—actionable at common law.

In Fisher v. Golladay, 38 Mo. App. 531, l. c. 537, it is said by Judge ELLISON, speaking for the Kansas City Court of Appeals:

"The wrongful act complained of—the act which led to the injury—was carelessly selling and delivering to the plaintiff a deadly poison instead of the harmless medicine he called for. The contention of counsel presupposes that no act of negligence can be proved except it be alleged in the petition. This position is untenable. The allegation in a pleading that the party, complained against, negligently committed the particular act which led to the injury, whose redress is sought, furnished the predicate for the proof of all such incidental facts and circumstances, both of omission and commission, as fairly tend to establish the negligence of the primary fact complained of. This rule of pleading is abundantly established by authority."

A number of cases are cited in its support.

In Mulderig v. St. Louis, K. C. & C. R. Co., 116 Mo. App. 655, 94 S. W. 801, Judge BLAND, speaking for our court, said (l. c. 655):

"The defendant railroad company contends that as the petition does not allege that it violated city ordinance 1753, it was error to admit it in evidence for the purpose of proving the company guilty of negligence in failing to have a man stationed on the back end of the train. The petition alleges negligence, generally. The action is not based upon any ordinance or statute but is as at common law. The authorities in this State are all one way that the ordinance of a city, which forms the basis of an action, must be specially pleaded, and if not pleaded cannot be introduced in evidence. (Citing cases.) But all of these cases hold that where the action is not based upon an ordinance, but is at common law, and where the ordinance itself does not

give a right of action, but prescribes a duty to be performed, the ordinance is admissible for the purpose of proving negligence. The ordinance offered in evidence furnishes no cause of action; it only prescribes certain duties to be performed by railroads operating trains within the limits of the city. It would be negligence to omit the performance of these duties and we think, on the authorities, supra, the ordinance was properly admitted in evidence."

Learned counsel for appellant argues that there is no common-law rule providing for the putting in of floors as the work progresses. Nevertheless, where an injury results from the failure to put in floors, and the statute or ordinance requires them, the omission goes to the establishment of negligence and the ordinance, doing no more than making special, specific provisions, was not improperly admitted, although not pleaded, as tending to show negligence. It is true that when a party alleges specific acts of negligence, he is held to the proof of those acts, but that is very far from holding that when a party alleges negligence, generally, he cannot prove specific acts.

In Bailey v. Kansas City, 189 Mo. 503, 87 S. W. 1182, it is said (l. c. 514):

"If a cause of action is based directly on a violation of a duty imposed alone by a municipal ordinance, the pleading should set forth the specific ordinance in hand because courts will not take judicial notice of its existence. (Citing cases.) But if an ordinance of a city is used as a mere matter of evidence, no good reason is perceived why it should be pleaded; for to plead evidential facts is bad, and, on principle, the rule applies to ordinances. (Citing cases.) Now, the case under the fourth amended petition is not based on the violation of a municipal ordinance, but is based on the violation of a duty imposed by general law. Therefore, the objection, in the form made, was properly overruled."

In Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331, 91 S. W. 527, practically the same rule is announced

199 M. A.—26.

as in the Bailey Case, supra. We therefore hold that all of the objections made to the introduction of this testimony and to the ordinance were properly overruled.

The fifth assignment is to the rejection of proper testimony offered by defendant and in refusing to permit proper cross-examination of plaintiff's witnesses. As our attention is not called to these alleged errors in the argument, it is not necessary to notice this assignment.

The sixth assignment is to the refusal to give a peremptory instruction, directing a verdict for defendant. That instruction was properly refused. The testimony, it is true, is contradictory and conflicting but there was substantial evidence in the case entitling the plaintiff to go to the jury and that being so, we cannot interfere.

The seventh and eight assignments are to error in giving instructions 1, 2 and 3, asked by defendant, and in refusing instructions 2 and f, asked by defendant. We might decline to consider these assignments because of the language of the motion for new trial. The only attacks in the motion for a new trial, made upon the action of the court on instructions, are the fifth ground which is to the action of the court "in giving instructions to the jury as asked by plaintiff, duly objected to by defendant," and the sixth, "In refusing proper declarations of law asked by defendant."

In Raifeisen v. Young, 183 Mo. App. 508, 167 S. W. 648, it is held that a motion for new trial must set out the reasons therefor so definitely as to direct the attention of the trial court to the precise ground of complaint.

In Lampe v. United Railways Co., a decision by our court handed down April 2, 1918, being number 15,823, and not yet reported, the motion for new trial set out as its grounds, "Because the court erred in refusing to give and read to the jury legal and proper instructions requested by defendant, and because the court erred in giving and reading to the jury erroreous,

illegal and misleading instructions on behalf of plaintiff and over defendant's objections thereto.''

We held in that case that the sufficiency of these assignments had been before our Supreme Court in a number of recent cases and had been discussed at length in Wampler v. Atchison, T. & S. F. Ry. Co., 269 Mo. 464, 190 S. W. 908. In the Wampler Case an assignment somewhat similar to the one before us and now present was held sufficient in a civil case, the rule, however, differing in criminal cases. But in the recent case of Kansas City Disinfecting & Manufacturing Co. v. Bates County, not yet officially reported, but see 201 S. W. 92, an assignment in the motion for new trial, that the court refused proper declarations of law offered by plaintiff, was held not to be sufficient as an assignment of error in a civil case. Following this and in line with our own decision in the Lampe Case, we must hold that these assignments of error to the giving and refusing of instructions is insufficient. It is not out of place to say, however, that we have in this case examined the principal instruction given by the court at the instance of plaintiff and we find no error in it. It told the jury that if they found plaintiff was working for the defendant, and if they further found that while doing this on the third floor of the building '' a piece of building material or other substance fell from some floor, or location, above and struck plaintiff, by reason whereof plaintiff was knocked, or fell, from the third floor of said building to the first floor thereof, and was injured; and if you further find and believe from the evidence that at, and immediately preceding, plaintiff's injuries, if any, the defendant failed to exercise ordinary care to have the joists or girders on each floor of said building above the second floor covered with scaffold boards, or other suitable material, as the building progressed, so as to sufficiently protect workmen; that is, to make it reasonably safe for workmen and for the plaintiff from falling through such joists or girders of said building, and to protect workmen, or make it reasonably safe for workmen, or plaintiff,

who might be under or below the floors of said building from falling bricks, or other substances; and if you further find and believe from the evidence that such failure on defendant's part, if any you find, to have the joists or girders of each floor above the second floor of said building covered with scaffold boards or other suitable material to make it reasonably safe for workmen, or plaintiff, as the building progresses, was negligence; and if you further find and believe from the evidence that such negligence, if any, directly caused the plaintiff's injuries sued for herein, then you will find a verdict for the plaintiff in this case, providing that you further find that the plaintiff at the time of his injuries was exercising ordinary care for his own safety.''

The court further defined ''ordinary care,'' and rules for the measurement of damages, if there was a verdict for plaintiff.

We find no error then in either of these instruction, which were the only ones given at the instance of plaintiff.

Finding no reversible error, the judgment of the circuit court is affirmed. *Allen* and *Becker, JJ.,* concur.

