Vol. 279     APRIL TERM, 1919.     493

State ex rel. Pelligreen Const. Co. v. Reynolds.

# THE STATE ex rel. PELLIGREEN CONSTRUCTION COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

### Division One, July 18, 1919.

1. **MOTION FOR NEW TRIAL: General Assignment.** A general assignment of error in the giving and refusing of instructions, in the motion for a new trial in a civil case, is sufficient to authorize a review of such instructions on appeal. [Following State ex rel. United Rys. Co. v. Reynolds, 278 Mo. 554.] And a refusal by a court of appeals to rule on assigned errors in the instructions, on the ground that the assignments were general, is error, and necessitates the quashing of its opinion on *certiorari*.

2. **PLEADING: General Allegations: Common-law Negligence.** A ruling by the Court of Appeals that a petition charging that defendant was in exclusive control of the erection of a certain building and that plaintiff, in the employ of defendant, while doing carpenter work on the third floor, was, "by reason of the negligence of defendant, struck by a piece of building material, which fell from a floor above the third floor, by reason whereof plaintiff fell with great force and violence a distance of forty feet, and by reason of such falling, which was due to the negligence of defendant, plaintiff was injured," etc., charged general negligence at common law and stated a cause of action for damages, is not in conflict with any decision of the Supreme Court cited by relator.

3. ———: ———: ———: **Ordinance As Evidence.** If the petition states a cause of action of negligence at common law, an ordinance making the act of defendant negligence is evidentiary, and though not pleaded is competent evidence; and a decision of the Court of Appeals so ruling, is not in conflict with prior decisions of the Supreme Court, but in harmony therewith.

4. **CONFLICTING OPINIONS: Cases from Other Jurisdictions.** In deciding whether the rulings of a court of appeals conflict with the last previous decision of the Supreme Court, cases from other jurisdictions are not of much value.

5. **COMMON-LAW NEGLIGENCE: Liability Based on Ordinance.** A ruling by the Court of Appeals that, since the ordinance did not expressly give a cause of action for damages, but merely prescribed a duty to be performed, a common-law action of negligence would lie for a violation of the ordinance duty, is not in conflict with prior decisions of the Supreme Court.

494    SUPREME COURT OF MISSOURI.

State ex rel. Pelligreen Const. Co. v. Reynolds.

*Certiorari.*

RECORD QUASHED.

*R. J. Balch* and *John P. McCammon* for relator.

(1) The assignments of error in relator's motion for new trial were sufficient. Wampler v. Railway Company, 269 Mo. 464; Stid v. Railway Company, 236 Mo. 397; Collier v. Lead Company, 208 Mo. 256. It has been so held in criminal cases under a more exacting statute. State v. Noland, 111 Mo. 492. (2) The petition does not state a cause of action under the *res ipsa loquitur* doctrine. McGrath v. Transit Co., 197 Mo. 97. The petition showed a case of master and servant, did not allege any failure of defendant to use ordinary care to furnish plaintiff a reasonably safe place to work, and did affirmatively show "the injury arose from an event in its nature not so obviously destructive of safety or so tortious in its quality as in the first instance to permit no inference save that of negligence on the part of the person in control." Wall v. Jones, 18 N. Y. Supp. 674. In the case above, except as to the extent of the injury, the facts are identical. (3) Failure to lay scaffold boards over the joists and girders of the building was not common-law negligence, and testimony as to the ordinance or its violation should have been rejected. The peremptory instruction asked by defendant was proper. To admit such testimony it was necessary to plead it. Lore v. Manufacturing Co., 160 Mo. 608; Lohmeyer v. Cordage Co., 214 Mo. 685; Hogan v. Railway Company, 150 Mo. 48; Bohn v. Railway Company, 106 Mo. 433; Sutherland v. Lumber Co., 149 Mo. App. 338; Shriners v. Mullins, 136 Mo. App. 298; Smith v. Box Co., 196 Mo. 715; Barron v. Lead & Zinc Co., 172 Mo. 234; Box Company v. Saucier, 213 Fed. 312.

*Claude D. Hall* for respondents.

(1) It was proper to show under the petition that the defendant did not cover the joists or girders of the

building on which plaintiff was working.  (a) The plaintiff could prove any facts or circumstances which fairly tended to establish the negligence of the primary fact (the falling material and plaintiff being struck and falling) complained of.  Fisher v. Golladay, 38 Mo. App. 537; Calvert v. Railroad, 38 Mo. 467; Goodwin v. Rock Isl. Ry. Co., 75 Mo. 75; Schneider v. Railroad, 75 Mo. 295-6; Edwards v. Chicago, Rock Isl. & Pac. Ry. Co., 76 Mo. 399.  (b) It was defendant's duty to make plaintiff's place of work reasonably safe.  By covering the joists and girders with scaffold boards, as is customary in buildings of that kind, this would have been done and the injuries to the plaintiff would have been averted.  Usage or custom is relevant to show what constitutes negligence or as bearing on negligence in a given case.  Jones on Evidence (2 Ed.), sec. 163, p. 184; Schiller v. K. C. Breweries Co., 156 Mo. App. 569; Gordon v. Railroad, 222 Mo. 536; Minier v. Railroad, 167 Mo. 99; Chrismer v. Tel. Co., 194 Mo. 189; Sec. 7843, R. S. 1909.  (c) Under a general allegation of negligence plaintiff may properly offer evidence tending to show specific acts of negligence. Wolven v. Springfield Traction Co., 143 Mo. App. 643; Hall v. Wabash, 165 Mo. App. 115.  (d) Defendant did not raise the question of variance, by filing an affidavit as required by Sec. 1846, R. S. 1909.  Waldheir v. Ry. Co., 71 Mo. 514; Fisher v. Realty Co., 159 Mo. 562; Harrison v. Lakeman, 189 Mo. 589. (2) The court did not err in admitting the ordinance in evidence. Bailey v. Kansas City, 189 Mo. 514; Bragg v. Met. St. Ry., 192 Mo. 350; Robertson v. Railroad, 84 Mo. 121; Brannock v. Elmore, 114 Mo. 59.  (3) The defendant's motion for a new trial does not contain a sufficient ground upon which an assignment of error as to this instruction can be based.  The fifth ground of the motion for a new trial is too general and it does not state the instruction is erroneous.  R. S. 1909, sec. 1841; State v. Norman, 159 Mo. 531; Wampler v. S. F. Ry. Co., 269 Mo. 464; Mfg. Co. v. Bates Co., 201 S. W. 92.

BLAIR, P. J—*Certiorari.* The record brought here for review is that of the St. Louis Court of Appeals in Seitz v. Pelligreen Construction & Investment Company, 199 Mo. App. 388.

I. The ruling that the grounds of the motion for new trial respecting the giving and refusing of instructions were too general to authorize a review of

General Assignment.

such instructions is in conflict with the decisions of this court. State ex rel. United Railways Co. v. Reynolds et al., 278 Mo. 554, is in point and controlling.

II. "The petition alleges that defendant was in charge and in exclusive control of the erection of a building on Fourth near Vine Street, in the City of St. Louis, and that on or about November 30, 1917, while plaintiff was in the employ of defendant and

General Allegations of Negligence.

doing carpenter work on the third floor of the building, plaintiff was 'by reason of the negligence of the defendant, struck by a piece of building, or other material,

with great force and violence, which fell from a floor above the third floor, on which plaintiff was working, by reason whereof, by reason of the negligence of defendant, the plaintiff fell with great force and violence a distance of about forty feet, from the third . . . to the first floor of said building, and that by reason of being struck as aforesaid, and by reason of falling said distance . . . which was due to the negligence of defendant,' " plaintiff was injured, etc. The Court of Appeals ruled that this petition was sufficient after judgment. The objection made on the trial was, according to the Court of Appeals, that the petition did not allege "any acts which constituted negligence." It is insisted this ruling conflicts with decisions of this court. The Court of Appeals held the petition charged general negligence and, on the trial, justified evidence of specific acts of negligence. Relator contends there is no charge

of common-law negligence, that the petition is not based on the statute (Sec. 7843, R. S. 1909) and that no ordinance is pleaded. Several decisions of this court are cited.

(a) There is no conflict with McGrath v. Transit Co., 197 Mo. 97, since the Court of Appeals did not uphold the petition on the ground that the doctrine of *res ipsa loquitur* applied. (b) The Court of Appeals ruled that the petition counted on common-law negligence; that a motion to make more definite and certain might have been pertinent, but that a cause of action was stated. Relator cites no decisions of this court which conflict with that ruling. Its contention in this connection is more relevant to the question whether there was evidence to support the verdict.

III. An ordinance of the City of St. Louis was admitted in evidence, and the Court of Appeals upheld that ruling. The ordinance provides, in substance, that it is the duty of persons in charge of the construction of buildings to cover joists or girders above the second floor with scaffold boards or other suitable material, as the building progresses, so as sufficiently to protect workmen from falling between the joists and girders and to protect workmen on lower floors from injury from falling bricks, tools, "or other substances." The ordinance was not pleaded. The Court of Appeals applied the rule that when a cause of action is based upon a violation of duty imposed solely by ordinance, the ordinance must be pleaded; but if an ordinance is used merely as a matter of evidence it need not be pleaded any more than any other evidence. The ruling of the Court of Appeals that the petition charges a cause of action must stand, so far as this proceeding is concerned, no conflict being shown. It must be conceded the petition is not based upon a violation of the ordinance. In these circumstances the ruling of the Court of Appeals on the admission

*Ordinance As Evidence.*

of the ordinance is not in conflict with, but is supported by, the decisions of this court. [Bragg v. Met. St. Ry. Co., 192 Mo. l. c. 350; Bailey v. Kansas City, 189 Mo. 503; Robertson v. Railroad, 84 Mo. l. c. 121.] If the petition stated a cause of action at common law, then the ordinance was competent.

IV. It is contended the Court of Appeals conflicted decisions of this court in ruling there was evidence justifying the submission of the Seitz case to the jury. It is not necessary to set out all the evidence detailed in the opinion of the Court of Appeals. That court
Violation of Ordinance Duty. states there was evidence tending to show that Seitz, under his foreman's directions, was working on the third floor; that others were working on a floor or floors above him; that these upper floors were not covered in any way, either by permanent or temporary floors or otherwise, except over a hoisting engine in another part of the building; that it was customary in such circumstances to install covering of some kind for the protection of workmen; that Seitz was struck and injured by a piece of board or wood which fell from a floor above him. (a) Cases from other jurisdictions are not of much value. We are limited to the question of conflict. (b) The Court of Appeals seems to have held that since the ordinance did not expressly give a cause of action but merely prescribed a duty to be performed, a common-law action would lie for the violation of the ordinance duty. It is said this ruling conflicts with numerous decisions of this court.

In Lore v. Mfg. Co., 160 Mo. l. c. 621, 622, this court held that the design of the statute requiring the master to safeguard dangerous machinery was "to modify the common-law doctrine that in the absence of a statute the master was not required to fence his dangerous machinery." If, as the Court of Appeals held, the petition states a cause of action at common law, and a cause of action for general negligence may be sustained

by evidence of the violation of a duty imposed by an ordinance not giving expressly a cause of action (which we must concede to be correct, since no conflict is shown), then there is no ground for saying the ruling on the sufficiency of the evidence violates the Lore case, if there was evidence the ordinance was violated—and there can be no doubt there was. The holding that the common law was modified by the machinery-guarding act or by the ordinance in this case has no bearing on the question whether a cause of action for general negligence is supported by proof of violation of such ordinance. For the same reason the ruling does not conflict with Lohmeyer v. Cordage Co., 214 Mo. l. c. 687. The decisions in Bohn v. Railway, 106 Mo. l. c. 433, 434, and Hogan v. Railway, 150 Mo. l. c. 48, 49, announce the principle that in an ordinary common-law action for the infraction of a non-statutory duty ordinary care in providing reasonably safe appliances is all that is required. This principle has no relevance to the question whether the ruling of the Court of Appeals, above stated, was right or wrong. In Barron v. Lead & Zinc Co., 172 Mo. 228, it was held that in a case in which a cause of action was given by statute to surviving dependents and plaintiffs' right to sue depended solely upon the statute, a petition stating any cause of action other than one under the statute was demurrable. It is obvious this decision was not conflicted by the Court of Appeals in its ruling on the sufficiency of the evidence in the Seitz case. The statement of the principle applied by the Court of Appeals, made above, discloses it is quite dissimilar to that announced in the Barron case. The case of Smith v. Box Co., 193 Mo. 715, holds that a statute relied upon has no application to the facts alleged or proved. We find no conflict on this point with any of our decisions cited.

V. It is said the ruling of the Court of Appeals on instructions was wrong. The only instructions ruled were those asked by plaintiff in the case. No decisions of this court thought to con-

Instructions.

flict with that ruling are cited. The question is not argued. No case has.come to our attention which conflicts. The point is ruled against relator.

VI. The Court of Appeals did not rule on the assignment concerning the refusal of instructions asked by defendant in the case before it.

**Refusal to Consider Instructions.** To these, at least, it applied the doctrine condemmed by the authorities cited in Paragraph I, supra. For this reason the record must be quashed. All concur, except *Bond, J.,* not sitting.